HARRY A. TUKEY, PLAINTIFF, V. DOUGLAS COUNTY ET AL., DEFENDANTS.

277 N. W. 57

FILED JANUARY 4, 1938. No. 30260.

*Edward F. Leary* and *S. L. Winters*, for plaintiff.

*James T. English, Jack W. Marer, Thomas C. Quinlan, Seymour L. Smith, Frank H. Woodland* and *Dana B. Van Dusen,* for defendants.

*Richard C. Hunter, Attorney General,* and *Milton C. Murphy, amici curiæ.*

·Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is an original action under the declaratory judgment law in which plaintiff seeks a determination of the constitutionality of chapter 167, Laws 1937, commonly referred to as the delinquent tax law.

The substance of the act is that any interest due on any delinquent general tax (general real property tax or personal tax), delinquent on or prior to the day on which this act becomes a law, shall be remitted and canceled and need not be paid in event, but only in event, the original amount of such tax be paid on or before December 31, 1938, with interest thereon at the rate of 7 per cent. from the date on which this act becomes a law until such payment is made. The act specifically excludes delinquent taxes sold at tax sale prior to the effective date of the statute.

Two other statutes in many respects similar to the one now before us have been declared unconstitutional by this court in *Tukey v. Douglas County,* 129 Neb. 353, 261 N.

W. 833, and *Steinacher v. Swanson,* 131 Neb. 439, 268 N. W. 317. While many constitutional questions have been raised by the pleadings, the only one deserving our consideration is whether the act is violative of section 18, art. III of the Constitution. In all other respects the act complies with constitutional requirements under the authority of *Steinacher v. Swanson, supra.*

The provisions of section 18, art. III of the Constitution are in part as follows: "The legislature shall not pass local or special laws in any of the following cases, that is to say: * * * Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever. In all other cases where a general law can be made applicable, no special law shall be enacted." This provision has been construed by this court to prohibit class legislation which does not operate equally and uniformly upon all members of the class brought within its operation. *State v. Hall,* 129 Neb. 669, 262 N. W. 835.

In the consideration of this case it must be borne in mind that the various impositions made by legislative authority for failure to pay taxes when due, whether designated as interest, penalties, costs, or anything else, are in fact penalties and not debts, and are in reality no part of the tax. *Steinacher v. Swanson, supra.* In *Livesay v. DeArmond,* 131 Or. 563, 284 Pac. 166, the court in apt language said: "It is to be observed that this act does not confer any authority to waive or reduce a tax; the authority granted is confined to a waiver or a reduction of the penalty and interest imposed for failure to pay the tax. It seems desirable to notice the distinction between a tax and any sums exacted by law for the failure to promptly pay it. Such exactions are often termed interest, yet the reasons which support them are unlike those upon which interest charges are founded. * * * From *Colby v. City of Medford,* 85 Or. 485, 167 Pac. 487, we quote: 'In passing, it may be noted that when interest is charged on a delinquent tax it is not regarded as interest in the sense that it is a consideration for the forebearance of money,

but it is deemed to be a penalty; and when interest, so called, is charged, it is sustained on the theory that it is a means to insure prompt payment of the tax and it is not a part of the tax. *State v. Superior Court,* 93 Wash. 433, 161 Pac. 77.' * * * Since these charges are punitive in nature, and are imposed to spur on the property owner to a prompt payment of the tax it would seem to follow that the constitutional requirement that 'all taxes shall be levied and collected under general laws operating uniformly throughout the state' does not apply to these charges. * * * Since these charges are imposed for punitive, as distinguished from revenue purposes, there would seem to be no greater occasion for subordinating statutes imposing them to constitutional provisions enjoining uniformity in taxation than subjecting any other penal statute to the same clause of our Constitution. Constitutional requirements in regard to uniformity of taxation are restricted to measures which seek to raise revenue, and have no application to burdens imposed which are not, properly speaking, taxes." See, also, *State v. Koeln,* 332 Mo. 1229, 61 S. W. (2d) 750.

A text-writer states the rule to be: "The requirement of equality and uniformity applies only to taxes in the proper sense of the word * * * and not to such as are of an extraordinary and exceptional kind * * * or to other burdens, charges, or impositions which are not properly speaking taxes." 61 C. J. 106. "And, in the absence of some provision in the organic law to the contrary, the legislature may remit penalties incurred by taxpayers for delinquencies in compliance with the tax law, and this it may do by enacting a statute which expressly provides for remission." 61 C. J. 1493.

In *Jones v. Williams,* 121 Tex. 94, 45 S. W. (2d) 130, 79 A. L. R. 983, the court said:

"We come now to the question of the power of the legislature to remit penalties imposed for tax delinquencies. * * *

"The tax cases cited proceed upon the principle that a

penalty is not a part of the tax proper, and is therefore subject to legislative control. Other cases involving the disposition of tax penalties and other constitutional questions support the rule. * * *

"The act before us not only releases all accrued 'interest and penalties' on delinquent state taxes, but makes the remission apply to named districts and subdivisions of the state. This does not affect the validity of the act. The districts named are merely subdivisions of the state, and the legislature has the same power to provide or change the remedies for the collection of taxes, including the remission of penalties, due its subdivisions, as it has for the state at large. 4 Cooley, Taxation (4th ed.) sec. 1821."

In *State v. Coos County,* 115 Or. 300, 237 Pac. 678, the court expressed the rule in this language: "We have heretofore held that the increased percentage and other burdens, prescribed by the legislature for nonpayment of taxes, are in the nature of penalties and are not part of the taxes. *Colby v. City of Medford,* 85 Or. 485, 527, 167 Pac. 487. They have been prescribed as a means of inducing the taxpayers to pay promptly, but they are distinctive from the tax itself. Taxes are a contribution prescribed by the statute and levied by the authorities for the support of the government; and, as stated in *State v. Galveston, H. & S. A. Ry. Co.,* 100 Tex. 153, 97 S. W. 71, the penalties are somewhat in the nature of a fine upon a delinquent taxpayer for his delay in paying his taxes. They are not levied by the counties as part of the taxes, but are creatures of the statute, and *what the statute has imposed, by way of penalty, the statute can remit.*" (Italics ours.) See, also, *State v. Baltimore & O. R. Co.,* 3 How. (U. S.) *534; *United States v. Morris,* 10 Wheat. (U. S.) 246, 287.

It is clear, therefore, that the act does not provide for the commutation or remission of a tax. It has to do only with the remission of a penalty that was imposed to induce the prompt payment of the tax. That the legislature has the power to impose such penalties cannot be questioned. If it has the power to impose a penalty when the

tax becomes delinquent, to induce payment, it would seem that it would have the power to remit the penalty to induce the payment of delinquent taxes. The remission of a penalty is an act of grace on the part of the legislature to which constitutional provisions as to uniformity do not ordinarily apply. The imposition of the penalty is punitive in its character and it is generally held to be the rule that an act remitting or waiving such a penalty is unaffected by constitutional requirements of equality and uniformity as to operation.

A tax is not a debt, and, as a result, does not bear interest, in the absence of a statute. Clearly, if the collection of interest, costs or any other penalty is dependent upon the existence of a statute, such penalties cannot be collected if the statute has been repealed or a statute enacted that waives or remits them.

In a case where the same principle is involved, a tax was levied under a statute passed in 1862. A penalty of 12 per cent. per annum after the tax was delinquent was imposed. Subsequently the statute was repealed. In holding that the tax could be collected and that the penalty could not, the court said:

"The general principle of the law on the subject is entirely clear. The repeal of a penal statute puts an end to all prosecutions under it. * * *

"In view of this rule, I have not been able to perceive any ground on which to sustain this demand for this penal interest. It has always been held that interest does not inhere in a tax as a legal incident. *City of Camden v. Allen,* 2 Dutcher (N. J.) 399. This 12 per cent. has no existence, then, except by virtue of the act of 1862, and when that act was repealed, it fell with it. * * * My first impression was, that this interest might be regarded as a mere incident to the tax, and that in this mode its existence might be continued. But the defects of this theory are two-fold: First, the 12 per cent. is a penalty, and not a mere incidental part of the sum to be paid; and, in the next place, even if it should be regarded as an incident, it is alto-

gether a statutory incident,. and consequently would expire with the law from which it proceeded." *Town of Belvidere v. Warren R. Co.,* 34 N. J. Law, 193. See, also, *Henry v. McKay,* 164 Wash. 526, 3 Pac. (2d) 145.

Defendant contends that the case of *Steinacher v. Swanson, supra,* is authority for holding that the present act is violative of section 18, art. III of the Constitution. With this we cannot agree. It is true that we held that the act considered in that case violated this provision of the Constitution in that it permitted certain delinquent taxpayers to pay their delinquent taxes in instalments and thereby discriminated against delinquent taxpayers who had paid their taxes in full prior to the date of the act and against those whose taxes had been sold to private purchasers prior to the effective date of the act, but we did not hold that the remission of penalties therein provided was in violation of section 18, art. III of the Constitution. This is evidenced by the following quotation from that opinion: "We are aware that some authorities hold that constitutional requirements as to uniformity of operation do not apply to statutes providing for a waiver or remission of a penalty. Penalties, including interest and costs, are generally considered punitive in their nature and a statute remitting them is one of grace to which the question: of uniformity has no application. But, as to the extensions of time for payment of the principal amount due as taxes, the question of uniformity of operation upon a class becomes important. To say that one delinquent taxpayer can have an extension of time for the payment of his taxes, while another delinquent taxpayer, because of the arbitrary classification made by the legislature, must pay in full, including all interest, penalties and costs, is such discrimination as to warrant the holding that the classification is unreasonable and arbitrary and therefore void." *Steinacher v. Swanson, supra.*

We necessarily conclude, that interest charged against a delinquent taxpayer is in fact a penalty, that it is not a part of or incident to the tax and exists only by legislative

pronouncement, that the legislature authorizing it has the power to remit or waive the penalties on unpaid and unsold taxes by a repeal of the original law or a new statute expressly doing so, and that a statute purporting to waive or remit a penalty is one of grace and not subject to the uniformity provisions of section 18, art. III of the Constitution.

For the reasons herein stated, we are of the opinion that the act before us meets all constitutional requirements.

JUDGMENT ACCORDINGLY.