THE SCHOOL DISTRICT OF THE CITY OF OMAHA, PLAINTIFF,
v. ERNEST A. ADAMS, COUNTY TREASURER OF DOUGLAS
COUNTY ET AL., DEFENDANTS.

26 N. W. 2d 24

FILED FEBRUARY 7, 1947. No. 32136.

*W. Ross King,* for plaintiff.

*Kelso Morgan, Joseph D. Houston, E. F. Fogarty, Edward Sklenicka, Einar Viren, Walter R. Johnson, Attorney General,* and *Erwin A. Jones,* for defendants.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an original action for a declaratory judgment brought by the School District of the City of Omaha against the County of Douglas, the City of Omaha, the State Tax Commissioner, the Auditor of Public Accounts, and the State Treasurer, to determine the correct apportionment and distribution of penalties collected pursuant to section 77-318, R. S. 1943. It is the contention of plaintiff that all of said penalties belong to the School District of the City of Omaha by virtue of section 5, article VII, of the Constitution. The defendants urge that such penalties should be apportioned as prescribed by section 77-704, R. S. 1943, and distributed in the same manner as delinquent taxes collected on intangible property.

The record shows that the county treasurer of Douglas County has in his hands the sum of $4,697.21, which represents statutory penalties collected from the estate of G. Sam Rogers, deceased, for failure of said Rogers in his lifetime to list certain intangible property for taxation. A claim was filed in said estate by the county treasurer of

Douglas County pursuant to section 77-319, R. S. 1943, for taxes, interest, and penalties. The case came to this court and the claim of the county treasurer was sustained. In re Estate of Rogers, 147 Neb. 1, 22 N. W. 2d 297. The judgment entered upon the mandate of this court included the item of $4,697.21, which represented the 50 percent penalty for failure to list such intangible property for taxation. A similar item of $749.28, collected in another estate, is also shown by the petition. The principles of law here for our consideration are equally applicable to both amounts.

It is the contention of the plaintiff that the penalties herein involved were imposed and collected under sections 77-316 to 77-319, R. S. 1943, for failure of the decedents to return their intangible property for taxation and not because of a failure to pay taxes assessed on intangible property; that such penalties are not a part of the taxes collected and were in addition to the interest charges thereon; that such penalties were not in the nature of compensation or liquidated damages, but were assessed as a punishment for the offense committed by the decedents in failing to report their intangible property for taxation, and that the penalty of 50 percent of the amount of the taxes collected was not computed on the basis of the period of delinquency. There is no statutory provision which provides the manner in which such penalties are to be distributed. The plaintiff alleged that the penalties involved are within the provisions of section 5, article VII, of the Constitution, and are required by its terms to be paid to the plaintiff school district.

Section 5, article VII, of the Constitution provides: "All fines, penalties, and license moneys, arising under the general laws of the state, shall belong and be paid over to the counties respectively, where the same may be levied or imposed, and all fines, penalties and license moneys arising under the rules, by-laws, or ordinances of cities, villages, towns, precincts, or other municipal subdivision less than a county, shall belong and be paid over to the same respec-

tively. All such fines, penalties, and license moneys shall be appropriated exclusively to the use and support of the common schools in the respective sub-divisions where the same may accrue." It must be conceded that this provision is self-executing and if the moneys involved are penalties within the meaning of this constitutional provision, a judgment awarding them to the plaintiff district would be required.

This court has never determined the nature of the penalty of 50 percent provided for in section 77-318 for failure to list intangible property for taxation. We have said that interest is not a part of the tax within the meaning of constitutional provisions requiring uniformity of taxation and prohibiting the commutation of taxes. Steinacher v. Swanson, 131 Neb. 439, 268 N. W. 317; Tukey v. Douglas County, 133 Neb. 732, 277 N. W. 57. A tax is not a debt and consequently does not bear interest in the absence of statute. Interest does not inhere in a tax as a legal incident, although it is incidental to the tax assessed in the sense that it is based upon the amount of the tax and is collectible in the same manner and in the same proceeding. In the strict sense, interest is a penalty. Penalties, including interest and costs, are punitive in their nature. It must be conceded that the penalties involved in this litigation are punitive in character insofar as the wrongdoer is concerned. They are prescribed in the present instance in part to induce owners of intangible property to list such property for assessment by imposing a severe penalty for failure to so do. Is such a penalty within the provisions of section 5, article VII, of the Constitution?

"Penal laws, strictly and properly, are those imposing punishment for an offence committed against the State, and which, by the English and American constitutions, the executive of the State has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the

remedy given is strictly penal." Huntington v. Attrill, 146 U. S. 657, 36 L. Ed. 1123, 13 S. Ct. 224. Many types of cases for the recovery of damages for neglect or breach of duty operate to a certain extent as punishment. The distinction between a remedial and penal statute necessarily lies in the fact that the latter is prosecuted for the sole purpose of punishment, and to deter others from offending in like manner. A remedial statute, of course, is for the purpose of adjusting the rights of the parties as between themselves in respect to the wrong alleged. This court appears to have held that the constitutional provision here in question has no reference to those damages, whether limited in the amount recoverable or not, which a private person may sustain, but applies solely to such as are given to the public and go into the public treasury. Graham v. Kibble, 9 Neb. 182, 2 N. W. 455. Clearly a statutory provision for liquidated damages in favor of a private person where it is not so oppressive as to offend constitutional requirements as to due process, although in the form of a penalty, does not create a penalty that must be appropriated to the use and support of the common schools within the meaning of section 5, article VII, of the Constitution.

We think that the provisions of the foregoing section of the Constitution infer that the word "penalties" as therein used, means exactions imposed in the enforcing of the criminal laws and police regulations of the state and its governmental subdivisions. The word "fine" is broad enough ordinarily to include all exactions imposed in a criminal proceeding. But the draftsmen of the Constitution specifically provided that it should have application to rules, by-laws, or ordinances of cities, villages, towns, precincts, or other municipal subdivisions less than a county, violations of which are generally considered as penalties recoverable in a civil suit, although having the general characteristics of a criminal proceeding. This clearly indicates an intent that fines and penalties assessed in criminal prosecutions are to come within the constitutional provision, plus such

fines and penalties that are assessed under the rules, by-laws, or ordinances of cities, villages, towns, precincts, or other municipal subdivisions less than a county, which are criminal in character but collectible by civil action. If this construction was not intended, the last part of the first sentence of this provision of the Constitution would be superfluous.

It is worthy of note that the provision in question is found in the article of the Constitution entitled "Education." This brings two reasons to the fore as to the meaning intended. In the first place, it is evident that the section was not intended as a limitation upon the police power, (Everson v. State, 66 Neb. 154, 92 N. W. 137) or it would have been placed in the Bill of Rights; and in the second place, it is consistent with the historical belief of the people of this state that there is a close connection between law observance and public education, which has given rise to a general notion that moneys exacted as punishment for crime should go to the school fund as a deterrent to crime by applying such exactions to the support of a better public school system.

With these views in mind we are of the opinion that the words "fines, penalties, and license moneys," used in section 5, article VII, of the Constitution were intended to include fines imposed in the punishment of crimes and misdemeanors, exactions imposed for violations of ordinances and regulations growing out of the exercise of the police power and having the characteristics of a criminal proceeding and, generally speaking, such license fees as may be imposed upon businesses which by their nature require police regulation by the state and its governmental subdivisions.

The 50 percent penalty collected under section 77-318, R. S. 1943, for failure to list intangible property for taxation is, as we have heretofore stated, punitive as to the wrongdoer. But this is not a controlling feature. While it is punitive in the respect noted, it is compensatory to the state and the subdivisions thereof entitled to share in the

tax for the delay caused by the failure to list for assessment purposes and the consequent derangement of tax records and collection processes. In this respect the more strict definition of the word "penalty" was intended, i. e. the pecuniary punishment inflicted by a law, ordinance, or police regulation for its violation. While the statute is punitive as to the wrongdoer, it is remedial as to the taxing bodies involved. Consequently, it is not solely a punitive statute. So regarded, the penalty is not one contemplated by section 5, article VII, of the Constitution as we have herein interpreted that section.

It is a general rule that in the absence of an express statute to the contrary, interest, penalties, and costs collected on delinquent taxes follow the tax. We think the rule is just as well established that the Legislature may properly provide a contrary distribution of such items. The rule announced applies only where the Legislature has failed to provide for a different distribution of such funds. City of Bisbee v. Cochise County, 44 Ariz. 233, 36 P. 2d 559; School District No. 12 v. Pondera County, 89 Mont. 342, 297 P. 498; Long Beach City School District v. Payne, 219 Cal. 598, 28 P. 2d 663. A text authority states the rule in these words: "Unless otherwise directed, interest, penalties, and costs collected on delinquent taxes follow the tax, and go to the state, county, or city, according as the one or the other is entitled to the tax itself; and, in cases where two or more of these are interested in the tax, such interest and penalties should be apportioned among them in the ratio of their respective shares of the tax, the foregoing being sometimes provided for by statute. But the legislature may change this rule and dispose otherwise of interest or penalties. A statute providing for the distribution of interest and penalties collected in a different manner from the disposition of the taxes on which the interest and penalties are based does not amount to the application of taxes to objects other than for which they were imposed." 61 C. J., Taxation, § 2250, p. 1528.

We therefore hold that the governmental subdivisions having an interest in the tax are entitled to share in the penalties collected in the ratio of their respective shares in the tax as provided by section 77-704, R. S. 1943.

JUDGMENT ACCORDINGLY.