GENEVIEVE R. CREIGH, APPELLEE, V. RICHARD R. LARSEN,
STATE TREASURER OF THE STATE OF NEBRASKA, ET AL.,
APPELLANTS, L. I. McGOWAN, INTERVENER-APPELLEE.

106 N. W. 2d 187

Filed November 30, 1960.   No. 34892.

*Clarence S. Beck,* Attorney General, *Homer G. Hamilton, John J. Hanley, John C. Burke, Edward M. Stein,* and *Wm. Ross King,* for appellants.

*Thomas P. Leary,* for appellee.

*McGowan & Troia* and *Ross & O'Connor,* for intervener-appellee.

*Raymond G. Young, Kenneth B. Holm, Keith Miller,* and *Edmund D. McEachen,* amici curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is a class action brought by the plaintiff on behalf of herself and others similarly situated against the State Treasurer, the state Tax Commissioner, the county treasurer of Douglas County as such and as the treasurer ex officio of the City of Omaha and the School District of Omaha, the county assessor of Douglas County, the County of Douglas, the City of Omaha, and the School District of Omaha.

The record shows that the state Tax Commissioner reported to the county assessor of Douglas County certified stocks owned by the plaintiff which were not listed for taxation. The assessor on July 28, 1959, valued the stock at $1,455 which was taxed at the Class B intangible tax rate amounting to $5.82 and imposed a penalty by multiplying the value of the stock by the total tangible rate in the city of Omaha of 64.05 mills, which resulted in a penalty of $93.19. It is the contention of the plaintiff that L. B. 51 and L. B. 42, Laws 1959, now

cited as sections 77-413, 77-716, and 77-318, R. S. Supp., 1959, on the authority of which the penalty was imposed, are unconstitutional and void. The trial court held the foregoing sections of the statute to be violative of the Constitution, and the defendants have appealed.

Plaintiff asserts that the foregoing acts of the Legislature offend several provisions of the state Constitution. We shall deal only with the provisions of the Constitution necessary to the determination of the case. It is first contended that the acts are violative of Article VIII, section 1, Constitution, relating to uniformity in the levying of taxes. Plaintiff also advances the contentions that the questioned acts are special laws violating the requirements of uniformity inhibited by Article III, section 18, Constitution, and discriminatory between taxpayers of the class contrary to Article I, section 25, Constitution, generally referred to as the equal protection clause.

The acts before us deal with the collection of taxes on intangible personal property not reported for taxation and the penalties to be assessed for omitting such property from the tax return. We point out that under the provisions of sections 77-702 and 77-703, R. R. S. 1943, Class A intangible property is assessed at the rate of $2.50 per $1,000 of value and Class B intangible property is assessed at $4.00 per $1,000 of value. The tax is state-wide and uniform in its operation wherever taxed. The penalties imposed by the questioned acts for failure to return intangible property for taxation provide generally that the penalty shall be computed by multiplying the actual value of such omitted or not returned property by the total rate for tangible property as fixed at the time of the last preceding levy for the taxing districts in which the property should have been returned.

The rate of taxation on tangible property varies throughout the taxing districts of the state in accordance with the aggregate needs of the taxing bodies of such districts. Admittedly, similar mill levies in amount

are the exception rather than the general rule. The effect of the penalty provisions of section 77-413, R. S. Supp., 1959, and the other acts under consideration as well, is to produce substantially different penalties on the same value of intangible property in the different taxing districts of the state. As an example, the normal tax on the Class B intangible property omitted by plaintiff from her return is $5.82. The penalty imposed was $93.19, based on the total tangible tax rate of 64.05 mills where she was assessed. The record discloses that the total levies in the various school districts in Douglas County vary from a high of 80.02 mills in Valley to a low of 28.26 mills in School District 23. If plaintiff lived in Valley the penalty would have been $116.43; if she lived in School District 23 it would be $41.12. In Valley the penalty for failing to list a bank account, Class A intangible, is 3200 percent of the amount of the tax; in School District 23 the penalty is 1130 percent of the tax. In Omaha the penalty for failure to list a Class B intangible is 1600 percent. It is the contention of the plaintiff that the penalty provisions of the statutes under attack are wanting in uniformity and are void under the provisions of Article VIII, section 1, of the Nebraska Constitution; that they are special legislation resulting in a want of uniformity of operation inhibited by Article III, section 18, of the Constitution; and that they are discriminatory and violate Article I, section 25, of the Constitution, the equal protection clause.

The Legislature has broad powers in dealing with the subject of taxation, and its general power to provide penalties to procure the return of property for assessment and to coerce the payment of taxes properly assessed, when related to legitimate purposes, is limited only in that such penalties must not be oppressive or unreasonable. State v. Martin, 193 Ind. 120, 139 N. E. 282, 26 A. L. R. 1386. It cannot be logically disputed that the formula for assessing penalties under the questioned statutes results in total want of uniformity in

their application. A penalty in a tax statute is an exaction which imposes a liability upon those who fail to comply with the tax laws in the respects set forth. The question before the court resolves itself into the question of whether or not a statute imposing penalties must comply with constitutional provisions requiring uniformity, inhibitions as to the enactment of special laws, and be nondiscriminatory under the equal protection clause.

The general rule is: " 'The legislature may make a reasonable classification of persons, corporations and property for purposes of legislation concerning them, but the classification must rest upon real differences in situation and circumstances surrounding the members of the class, relative to the subject of the legislation, which render appropriate its enactment; and to be valid the law must operate uniformly and alike upon every member of the class so designated.' " State ex rel. Ralston v. Turner, 141 Neb. 556, 4 N. W. 2d 302, 144 A. L. R. 138. See, also, Steinacher v. Swanson, 131 Neb. 439, 268 N. W. 317. We do not question the fact that taxpayers who do not return taxable property, or who omit taxable property from their return, constitute a reasonable classification for purposes of legislation concerning their failure to return their property for taxation. It is plain from what we have heretofore set out that the law does not operate uniformly and alike upon every member of the class designated and that it discriminates between taxpayers for identical violations of the taxing statutes.

It is the contention of the defendants that penalties imposed on a taxpayer for failures in the reporting of property for taxation are not a part of the tax and are not subject to the constitutional requirements of uniformity or the general inhibitory provisions of the Constitution. In this respect this court has held that a penalty imposed for not reporting taxable property, or the failure to report the same within the statutory

period, or a failure to pay the tax assessed within the time fixed by law, is no part of the tax. Steinacher v. Swanson, *supra;* Tukey v. Douglas County, 133 Neb. 732, 277 N. W. 57; School Dist. of the City of Omaha v. Adams, 147 Neb. 1060, 26 N. W. 2d 24. Consequently, the imposition of a tax penalty is unrelated to Article VIII, section 1, Constitution, providing that taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises and uniform as to class on all other property. The defendants rely largely upon Tukey v. Douglas County, *supra,* to support their contention. We point out that the issue in that case was whether or not uniformity of operation was required by a statute which provided for the waiver or remission of a penalty, a matter wholly unrelated to a statute imposing a penalty. In that case we said, quoting from Steinacher v. Swanson, *supra:* "We are aware that some authorities hold that constitutional requirements as to uniformity of operation do not apply to statutes providing for a waiver or remission of a penalty. Penalties, including interest and costs, are generally considered punitive in their nature and a statute remitting them is one of grace to which the question of uniformity has no application." In the present case the statute is clearly punitive as to taxpayers within its terms, and to some extent compensatory to the state, but it is in no sense of the term an act of grace, the controlling factor in the Tukey case. Neither the Tukey case, nor any other that we have been able to find, holds that the Legislature may ignore the rule of uniformity in the imposition of penalties required generally in all legislation enacted by it. We point out that there is no constitutional provision which prohibits a waiver or remission of penalties by general law such as we had before us in the Tukey case, although it was not an issue in that litigation. The Constitution does prohibit a waiver or remission of penalties by a local or special law as specifically provided in Article

III, section 18, whether or not the act be one of grace. It is also contended by the defendants that the legislative acts presently before us are no less discriminatory nor any less wanting in uniformity than in the case of tangible property where the penalties imposed vary with the different mill levies in the various taxing districts in the state. We point out that the rate of taxation on Class A and Class B intangible property is uniform throughout the state and consequently the magnitude of the offense for not returning or omitting intangible property is identical in each taxing district of the state. On the other hand, the magnitude of the offense in the case of tangible property is dependent upon the valuation of such property and the mill levy made in each taxing district of the state. The penalty imposed on one who failed to return or who omitted tangible property bears a relation to the magnitude of the offense when the statute provides a penalty based on a percentage increase of the value of the property or of the tax levied upon it. But the application of the tangible rate to intangible property has no reasonable relation to the magnitude of the offense where the intangible rate is uniform throughout the state. It discriminates between members of the established class in that it produces varying penalties for identical offenses among members of the class. United States Cold Storage Corp. v. Stolinski, 168 Neb. 513, 96 N. W. 2d 408; Webster v. Williams, 183 S. C. 368, 191 S. E. 51, 111 A. L. R. 1348; State ex rel. Mitchell v. Mayo, 15 N. D. 327, 108 N. W. 36.

It is clear to us that L. B. 51 and section 2 of L. B. 42, Laws 1959, now cited as sections 77-413, 77-716, and 77-318, R. S. Supp., 1959, are discriminatory between members of a class contrary to Article I, section 25, and nonuniform in their operation contrary to Article III, section 18, Constitution of Nebraska.

The conclusion at which we have arrived makes it unnecessary to pass on other asserted grounds of un-

constitutionality, to wit: Article I, section 15, providing that all penalties shall be proportionate to the nature of the offense; Article I, section 3, relating to due process; and Article III, section 14, relating to amendments.

The trial court found the questioned statutes to be unconstitutional and void for the foregoing reasons, and others as well. For the reasons stated, the decision of the district court is correct and its judgment is therefore affirmed.

AFFIRMED.