BEN MISLE ET AL., APPELLANTS, V. FRANK J. MILLER, CITY
TREASURER, CITY OF LINCOLN, STATE OF NEBRASKA,
ET AL., APPELLEES.

125 N. W. 2d 512

Filed December 20, 1963. No. 35468.

Marti, O'Gara & Dalton, for appellants.

Paul L. Douglas, William D. Blue, Ralph D. Nelson, Henry L. Holst, Vincent D. Brown, Willis R. Hecht, and Max Kier, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

The plaintiffs and appellants, Ben Misle, Henry Misle, and Julius Misle, doing business as Misle Chevrolet Company, brought this action to recover penalties added to the taxes paid by plaintiffs which were alleged to be illegally levied and therefore void. It was brought against the defendant and appellee Frank J. Miller, as treasurer of the City of Lincoln, and by an amended petition the City of Lincoln was made a party defendant and is also an appellee herein. The City of Lincoln collects its own taxes under the provisions of Chapter 15, article 8, R. R. S. 1943.

A general demurrer was interposed by both defendants. The demurrer was sustained. The plaintiffs elected to stand on their amended petition and the case was dismissed by the trial court.

The plaintiffs thereupon have appealed to this court from the order of dismissal.

The plaintiffs' amended petition against the defendants set out that in the year 1959 the plaintiffs, who were all residents of Lincoln in Lancaster County, listed their inventory of property having an assessed value of $80,450, which list was filed as of April 20, 1959, with the county assessor of Lancaster County, Nebraska; that during the year 1959, after April 20, 1959, they filed

with the assessor additional lists of property having an assessed value of $116,360, being motor vehicles held on inventory and taxable as such; that the county assessor purportedly, pursuant to section 77-1235, R. R. S. 1943, added 50 percent of the value of the subsequently filed inventory as a penalty, making said additional property of the taxpayers assessed for taxation have a value of $174,530; that the penalty levied and assessed was levied without authority in law; that on June 16, 1961, the plaintiffs paid $1,029.73 to the city treasurer as the penalty levied and assessed purportedly pursuant to section 77-1235, R. R. S. 1943, by the addition of the 50 percent value thereof together with $36.04 interest thereon; and that the penalty so purportedly assessed was levied without authority of law.

The amended petition further alleged the Nebraska Legislature passed and approved on February 26, 1959, L. B. No. 48, Laws 1959, which amended section 77-1229, R. R. S. 1943, without the emergency clause, and which required listing personal property owned on January 1, 1959, with the county assessor on or before March 1st of each year. That by L. B. 68, Laws 1959, passed and approved on the same February 26, 1959, and effective that day because of the emergency clause, section 77-1229, R. R. S. 1943, as amended by L. B. 48, Laws 1959, was again amended. This amendment required the listing of personal property owned on January 1, 1959, with the assessor on or before February 15, 1959, a date 11 days before the passage of said act; and that under section 77-1229, R. R. S. 1943, as it existed prior to the passage of L. B. 68, such property was required to be listed on April 20th of each year. That L. B. 704, Laws 1959, was passed and approved on June 13, 1959, and became effective that day because of the emergency clause; and that by L. B. 704, said section 77-1229, R. R. S. 1943, as amended by said L. B. 48 and L. B. 68, Laws 1959, was further amended to require the listing of all personal property for taxation on or before March 1st

of each year, a date more than two months prior to the effective date of L. B. 704. That it was impossible to comply with the law relating to listing of personal property for taxation that existed from time to time in the year 1959. The law prior to February 26, 1959, required its listing on or before April 20, 1959, and the subsequent enactments by said L. B. 68 and L. B. 704, Laws 1959, required the listing of said property prior to the passage of the respective acts, and that consequently no penalty could lawfully be inflicted for failure to comply with said laws. That on July 12, 1961, after paying said sums to the city treasurer, plaintiffs made written demand on the city treasurer to refund the same with interest from the payment on June 16, 1961.

The prayer was for judgment for $1,065.77 and interest. The action was filed October 16, 1961.

An examination of the statutes in force throughout the year 1959 with respect to the time of filing of personal tax schedules makes it abundantly clear that the plaintiffs' contention that no timely compliance could be made thereunder is correct. Not only did section 77-1229, R. R. S. 1943, as it existed in the year 1959 prior to February 26, 1959, when L. B. 68, Laws 1959, became effective, provide the return of personal property should be made on or before April 20 of that year, but section 77-1201, R. R. S. 1943, prior to February 26, 1959, provided that the property owned on March 1st of that year should be so returned and this could not have been done before February 26, 1959, on which date L. B. 68, Laws 1959, required property to be returned for taxation 11 days prior to the effective date of the act. L. B. 704, Laws 1959, which amended L. B. 68, provided such property should be listed more than three months before its passage. This statute was in force the rest of the year. Timely filing was obviously impossible and the defendants make no claim to the contrary.

In the case of Johnson Fruit Co. v. Story, 171 Neb. 310, 106 N. W. 2d 182, this court said: "A penalty statute

must be strictly construed. It will not be applied to situations or parties not fairly or clearly within its provisions.

"In construing a penalty statute nothing will be recognized, presumed, or inferred that is not expressed, unless necessarily or unmistakably implied in order to give effect to the statute."

In 85 C. J. S., Taxation, § 1025(c), p. 583, the text states: "The penalty imposed for the failure of property owners to make a list, report, or statement of their taxable property is imposed only for the breach of a duty by the taxpayer. It is only when the taxpayer is at fault or to blame for failure to comply with the requirements of the statute that a penalty may be exacted." Again the same text at page 584 states: "Taxpayers who do not file a list, report, or statement of their taxable property within the time prescribed by statute are subject to a penalty for the failure to make such a list, report, or statement; but, where no time therefor is prescribed by statute, a taxpayer whose return, although delayed, is made before the end of the assessment year is not liable for the penalty." See, also, State v. Page, 100 W. Va. 166, 130 S. E. 426, 44 A. L. R. 501. It is clear from the rules set out that the penalties purported to be exacted from the plaintiff taxpayers because of their alleged failure to timely file their return of personal property for taxation for the year 1959 could not be applied because at no time during that year did the statute fix a day for the filing of the return that could be complied with within the prescribed period.

In the subsequent case of Creigh v. Larsen, 171 Neb. 317, 106 N .W. 2d 187, decided November 30, 1960, this court held section 77-413, R. R. S. 1943, as amended by L. B. 51, Laws 1959, unconstitutional, basing its decision wholly on the illegality of certain penalties which the amended section greatly increased purporting to apply to the failure to list intangible property for taxation.

Indeed the defendants do not seriously contend that

the penalties were not added without authority of law. They maintain that the petition does not state facts sufficient to constitute a cause of action because they assert there is no provision of law under which a taxpayer may recover the penalties paid. Defendants cite Monteith v. Alpha High School District, 125 Neb. 665, 251 N. W. 661, where this court held: "In the absence of statute, taxes voluntarily paid cannot be recovered back. When a tax imposed is illegal and unauthorized for any purpose, an original action may be brought to recover the tax only by virtue of statutory or constitutional authority.

"One who seeks to avail himself of the statutory right to recover from a county or school district a tax voluntarily paid must show a substantial compliance with the statute."

Defendants urge that plaintiffs are without remedy either for the reason there is no applicable statute or that the plaintiffs are not proceeding under one.

Plaintiffs on the other hand contend that section 77-1735, R. R. S. 1943, is applicable and that their petition brings them squarely within its provisions. That section so far as it is significant to the decisions reads as follows: "If a person, who *claims a tax, or any part thereof*, to be invalid for any reason, shall have paid the same to the treasurer, or other proper authority, in all respects as though the same was legal and valid, he may, at any time within thirty days after such payment, demand the same in writing from the State Treasurer or the treasurer of the county, city, village, township, district, or other subdivision, for the benefit, or under the authority, or by the request of which the same was levied. If the same shall not be refunded within ninety days thereafter, he may sue such county, city, village, township, district, or other subdivision for the amount so demanded. Upon the trial, if it shall be determined that such tax, or any part thereof, was for any reason invalid, judgment shall be rendered therefor with in-

terest and such judgment shall be collected as in other cases; * * *." (Italics ours.)

The defendants urge this statute is not applicable. Their first contention is that the statute applies to the recovery of taxes only and that the word "tax" as contained in the statute cannot be broadened to include interest or penalties. As authority for their contention they cite Steinacher v. Swanson, 131 Neb. 439, 268 N. W. 317, and Tukey v. Douglas County, 133 Neb. 732, 277 N. W. 57, both of which held that a penalty was not part of the taxes within the meaning of Article VIII, section 4, of the Constitution of the State of Nebraska, which prohibits the remission of taxes and that the constitutional provision did not apply to the remission of penalties.

The plaintiffs cite School District of the City of Omaha v. Adams, 147 Neb. 1060, 26 N. W. 2d 24, which held that the penalties collected pursuant to section 77-318, R. S. 1943, should not be paid to the school district under the constitutional provision requiring fines, penalties, and certain other money to be appropriated to the support of the schools. In that case the court held: "In the absence of statute to the contrary, interest, penalties, and costs collected on delinquent taxes follow the tax, and go to the state or its governmental subdivisions according as the one or the other is entitled to the tax itself. * * *."

It would seem therefore, though a penalty is not a part of the tax within the provision of Article VIII, section 4, Constitution of Nebraska, preventing their remission by the Legislature, such penalties do have some of the attributes of the tax at least with respect to their distribution.

The statutory history preceding section 77-1735, R. R. S. 1943, under which the plaintiffs seek to predicate their action reaches back through amendments over a long period of time. It is apparent on tracing its history that what is now that section was a part of the

Revenue Act of 1879, being section 144 of that act which appears in Compiled Statutes of 1901 as section 4427, containing a similar procedure for the recovery of taxes paid for an illegal or unauthorized purpose. That section in referring to that which may be recovered speaks of the "tax or any part thereof" as it does at present. The Revenue Act of 1879 also contained section 182 which appeared as section 4465, Compiled Statutes 1901. The last-mentioned statute defined the word tax as used in the Revenue Act of 1879 as "any tax, special assessments, or costs, interest, or penalty imposed upon property." Thereafter it was held that special assessments could be so recovered by the decision of this court in Wilson v. City of Auburn, 27 Neb. 435, 43 N. W. 257. In the case of City of Omaha v. Hodgskins, 70 Neb. 229, 97 N. W. 346, it was again held that the provisions of section 144 of the Revenue Act of 1879, as contained in article 1 of Chapter 77, Compiled Statutes 1901, applied to special assessments as well as to taxes levied for general purposes. In the case of City of Omaha v. Hodgskins, *supra,* the court cited the definitions set out in Compiled Statutes 1901, Chapter 77, article 1, section 182, taken from the Revenue Act of 1879 as a compelling reason for stating that special assessments were included in the words any tax as used in section 144 of that act.

In 1903 the Revenue Act of 1879 was largely repealed and replaced by a new statute. This statute, chapter 73, Laws 1903, containing section 162 which set out in substance the same procedure governing the recovery of invalid taxes paid as was described in the Revenue Act of 1879 but the provisions defining the word "tax" set out in section 182 of the Revenue Act of 1879, were not reenacted.

It is now argued by the defendants that the omission of the section defining the word "tax" in the act of 1903 restricted the meaning of that word as it was used in section 162, chapter 73, Laws 1903, to a narrow connotation of the word and that illegal penalties or interest

paid could no longer be recovered thereunder. This though they point out no other provision of chapter 73, Laws 1903, from which a change in the legislative intent may be inferred and in spite of a rule of construction that ordinarily words used in the original act will be presumed to be used in the same sense in an amendment thereof. 82 C. J. S., Statutes, § 384, p. 899; State ex rel. Buerk v. Calhoun, 330 Mo. 1172, 52 S. W. 2d 742, 83 A. L. R. 1393; State v. End, 232 Minn. 266, 45 N. W. 2d 378; Gimble v. Montana-Dakota Utilities Co., 77 N. D. 581, 44 N. W. 2d 198.

Section 162, chapter 73, Laws 1903, later was contained in the various revisions and compilations of our statutes as follows: R. S. 1913, § 6491; C. S. 1922, § 6018; C. S. 1929, § 77-1923; R. S. 1943, § 77-1735. The case of Hayman v. City of Grand Island, 135 Neb. 873, 284 N. W. 733, decided that section 77-1923, Comp. St. 1929, authorized the bringing of an original action to recover a special assessment paid where the taxpayer claimed the tax was levied or assessed for an illegal purpose. The case cited City of Omaha v. Hodgskins, *supra,* as authority. It was followed by Loup River Public Power Dist. v. County of Platte, 144 Neb. 600, 14 N. W. 2d 210, where it was held that the second procedure in section 77-1923, Comp. St. 1929, gave the taxpayer the right to maintain an action at law to recover an illegal special assessment paid, and made it the duty of the courts to determine whether any part of the special assessment then in controversy was illegal, unauthorized, or invalid and to render judgment for the taxpayer for the amount so determined. It is apparent that this court considered that the word "tax" as used in section 77-1735, R. R. S. 1943, providing for the recovery of those illegally assessed included special assessments. It would appear that this court has based its subsequent opinions throughout the years on the original meaning of the word as defined in the Revenue Act of 1879. That act defined taxes as "any tax, special assessments, or costs,

interest or penalty imposed upon property."

In 1955, section 77-1735, R. R. S. 1943, was again amended by Laws 1955, c. 297, § 2, p. 931, to provide one method or procedure for the recovery of taxes or any part thereof that for any reason were invalid. It is the present section in force. There is nothing in this amendment to show the Legislature intended any different meaning to be applied to the word tax as used in that section than formerly. It is a settled rule of statutory construction that when a statute or a clause or provision thereof has been construed by a court of last resort, and the same is substantially reenacted, the Legislature may be regarded as adopting such construction. 50 Am. Jur., Statutes, § 442, p. 461. See, also, Kendall v. Garneau, 55 Neb. 403, 75 N. W. 852. We conclude that section 77-1735, R. R. S. 1943, provides a remedy for the recovery of penalties as well as taxes which have been illegally imposed on property.

The defendants' last contention is that the Legislature of 1961, by enacting section 1, L. B. 166, Laws 1961, which statute is 77-1736.05, R. S. Supp., 1961, provided an exclusive remedy for the recovery of the particular penalties which were thus illegally assessed on personal property in the years 1959 and 1960. They claim the plaintiffs have not brought themselves within the purview of that act and hence cannot have the benefit thereof. Section 77-1736.05, R. S. Supp., 1961, is as follows: "Notwithstanding like provisions of section 77-1735, if a person claims a penalty on a tax, or any part thereof, which penalty was levied during the calendar years 1959 and 1960, to be invalid for the reason that it was an illegal or void penalty, and the county treasurer so finds, then the treasurer shall correct his record to show only such penalty as may be legal and proper, and when the claimant shall have paid the illegal or void penalty within the period of July 1, 1959, to December 31, 1960, to the treasurer, or other proper authority, in all respects as though the same was legal and valid, he

may, at any time within nine months after March 20, 1961, demand the same in writing from the treasurer of the county where paid, and if the same shall not be refunded within nine months thereafter, may sue such county for the amount so demanded; Provided, that there shall be deducted from the claim or judgment, as the case may be, an amount equal to the penalty and interest which could have legally been assessed for the year or years in question. Upon the trial, if it shall be determined that such penalty, or any part thereof, was levied or assessed illegally, or was for any reason invalid, judgment shall be rendered therefor with interest and the same shall be collected as in other cases." (Italics ours.)

This statute must be considered in the light of the defects in the law the legislation sought to remedy. It was passed and approved, and became effective March 20, 1961. On November 30, 1960, this court in Creigh v. Larsen, *supra,* had held that the statute providing the new penalty for failure to list tangible property was unconstitutional. Moreover, other taxpayers should have then realized that the Legislature had provided no date on which a personal property tax return could possibly have been timely filed as pointed out herein, and that any penalties imposed because of failure to return tangible personal property before a particular date were also illegal.

It is apparent that many taxpayers had paid these illegal penalties within the period between July 1, 1959, and December 31, 1960, which later date was a month after the decision in Creigh v. Larsen, *supra.* It is likewise obvious that those who had paid them could no longer demand the same in writing from the treasurer to whom they had been paid within 30 days of their payment as required by section 77-1735, R. R. S. 1943. Taxpayers who had made payment after December 31, 1960, however, should have been apprised of the decision of this court rendering invalid the penalties sought to be

imposed. They could have demanded their repayment and proceeded under section 77-1735, R. R. S. 1943.

Section 77-1736.05, R. S. Supp., 1961, appears to be remedial in its nature. It does not purport to impose new penalties nor do its provisions appear to limit rights of recovery. The section begins with the words "Notwithstanding like provisions of section 77-1735." It is apparent the Legislature had in mind that demands were being made to recover these penalties at that time. The new act, section 77-1736.05, R. S. Supp., 1961, granted to those who had paid illegal penalties a right to demand refund thereof within 9 months after March 20, 1961. The only substantial function of the act seems to be to extend the time for serving notice and demand for refund to those who had lost their rights to do so.

The section does not purport to repeal or otherwise affect section 77-1735, R. R. S. 1943. It recognizes by inference not only that it exists but that the Legislature considered it applied to the collection of penalties illegally paid. If section 77-1736.05, R. S. Supp., 1961, was construed as contended by the defendants it would result in penalizing those who were attempting to protect their rights by refusing to pay illegal exactions instead of only granting additional relief to those who could no longer avail themselves of the usual existing remedies. It would moreover prevent the recovery of such penalties paid after December 31, 1960, altogether.

We cannot infer such result was intended by the Legislature. We hold that the provisions of section 77-1735, R. R. S. 1943, are to be construed with section 77-1736.05, R. S. Supp., 1961, and that their provisions are not in conflict with one another and section 77-1735, R. R. S. 1943, was available as a procedure to recover the penalties illegally imposed in the year 1959.

It follows that the trial court erred in sustaining the defendants' demurrer and dismissing the action. Therefore the judgment of the trial court is reversed and the

cause is remanded for further proceeding in accordance with this opinion.

REVERSED AND REMANDED.