REQUESTED BY: Senator Harold F. Sieck State Capitol Box 24 Lincoln, NE 68509
Dear Senator Sieck:
This is in response to your inquiry pertaining to whether the `ten percent surcharge' referred to throughout LB 818 is a `fine or penalty' within the meaning of ArticleVII, Section 5 of the Nebraska Constitution.
The `surcharge' is properly regarded as a `penalty' and subject to the provisions of Article VII, Section 5 of the Nebraska Constitution.
Courts are prone to defining the term `penalty' with reference to the particular situation under consideration. Nevertheless, in Nebraska at least, if money exacted pursuant to law is punitive in character, and not remedial or compensatory, that money is a `penalty' as provided in ArticleVII, Section 5 of the Nebraska Constitution. SchoolDistrict of McCook v. City of McCook, 163 Neb. 817,81 N.W.2d 224 (1957).
For example, in School District of Omaha v. Adams,147 Neb. 1060, 26 N.W.2d 24 (1947), an action was brought by the school district to determine the correct apportionment and distribution of penalties collected pursuant to a statute imposing penalties in addition to interest for failure to list certain property for taxation purposes. In determining whether the penalties under the tax statute in question were `penalties' within the meaning of Article VII, Section 5 of the Nebraska Constitution, the court said:
 `Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American constitutions, the executive of the state has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal.' Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 227, 36 L.Ed. 1123. . . The distinction between a remedial and penal statute necessarily lies in the fact that the latter is prosecuted for the sole purpose of punishment, and to deter others from offending in like manner. The remedial statute, of course, is for the purpose of adjusting the rights of the parties as between themselves in respect to the wrong alleged. This court appears to have held that the constitutional provision here in question has no reference to those damages, whether limited in the amount recoverable or not, which a private person may sustain, but applies solely to such as are given to the public and go into the public treasury. Graham v. Kibble, 9 Neb. 182, 2 N.W. 455.
In addition, as the court said in Abel v. Conover,170 Neb. 926, 104 N.W.2d 684 (1960):
 A statute which imposes a liability for actual damages and in addition thereto a penalty to be paid to the injured party is repugnant to Article VII, Section 5 of the Constitution, which requires all fines and penalties arising under the general laws to go exclusively to the school fund. A statute which imposes liability for actual damages and additional liability for the same act provides a penalty.
Applying the reasoning in both Adams and Abel,supra, to your question here, it would seem that the `surcharge' imposed by LB 818 is a `penalty' within the meaning of Article VII, Section 5 of the Nebraska Constitution for a number of reasons.
First, the surcharge is not applied to damages actually suffered by defendant's victim, but is instead placed in the public treasury (the Victim's Compensation Fund). Furthermore, the ten percent surcharge is in addition to actual damages suffered by defendant's victim. And, because it is a fundamental rule in this state that punitive, vindictive, or exemplary damages are not allowed (Miller v. Kingsley,194 Neb. 123, 230 N.W. 472 (1975)), the only definition of `surcharge' as found in LB 818 which would allow that term to be given effect would be that it refers to a `penalty.' This conclusion is further supported by the fact that the surcharge is imposed as part of the sentence by a court pursuant to its criminal jurisdiction.
The ten percent surcharge imposed by LB 818 is not remedial.
It is punitive in nature: a `penalty' within the meaning of Nebraska Constitution Article VII, Section 5.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Frank J. Hutfless Assistant Attorney General