FIRST DATA RESOURCES INC., APPELLANT, V. SAM J. HOWELL, DOUGLAS COUNTY TREASURER, ET AL., APPELLEES.

494 N.W.2d 542

Filed January 22, 1993.   No. S-90-252.

Howard N. Kaplan and Robert L. Lepp, of McGill, Parsonage & Lanphier, P.C., for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, John E. Huber, Paul F. Peters, and Jo A. Cavel for appellees Howell et al.

William Jay Riley, of Fitzgerald, Schorr, Barmettler & Brennan, for appellee Metropolitan Technical Community College.

Michael Kelley, of Kelley, Kelley & Lehan, P.C., for appellee Metro Area Transit Authority.

Kelley Baker, of Harding & Ogborn, for appellee Douglas County School District No. 54.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and RONIN, D.J., Retired.

BOSLAUGH, J.

This is an action by the plaintiff, First Data Resources Inc., under Neb. Rev. Stat. § 77-1735 (Reissue 1986) to recover taxes in the amount of $603,019.32 assessed and levied against its personal property in 1988. The petition, which was filed on August 24, 1989, alleged as follows:

16. On or about November 23, 1988, Plaintiff paid its first half personal property taxes, totalling $301,509.66, under protest, for the combined Defendant County of Douglas tax year 1988 and the Defendants City of Omaha and Omaha School District tax year 1989.

17. Within thirty (30) days after making such payment, Plaintiff made written demand for a refund of the taxes to Defendant Sam J. Howell pursuant to Neb. Rev. Stat. §77-1735.

18. On or about January 10, 1989, Defendant County of Douglas, by and through its Board of Commissioners, unanimously passed a resolution denying Plaintiff's

requested refund. Such amount has not been refunded.

19. On or about June 22, 1989, Plaintiff paid its second half personal property taxes, totalling $301,509.66, under protest, for the combined Defendant County of Douglas tax year 1988 and the Defendants City of Omaha and Omaha School District tax year 1989.

20. Within thirty (30) days after making such payment, Plaintiff made a written demand for a refund of the taxes to Defendant Sam J. Howell pursuant to Neb. Rev. Stat. §77-1735.

21. On or about July 11, 1989, Defendant County of Douglas, by and through its Board of Commissioners, unanimously passed a resolution denying Plaintiff's requested refund. Such amount has not been refunded.

. . . .

24. The system of taxing personal property in Nebraska has resulted in the personal property of railroads, car line companies, associated railroad property, pipeline personal property, certain agricultural income producing machinery and equipment, business inventory, certain household goods, and other items of tangible personal property listed in Neb. Rev. Stat. §77-202 (Reissue 1988) [sic] escaping taxation.

25. The assessment and levy of personal property tax on First Data Resources Inc.'s personal property is unconstitutional, unlawful, arbitrary, and capricious and should be declared violative of each and all of the following provisions of the United States and Nebraska Constitutions:

a. The equal protection clause of the 14th Amendment of the United States Constitution;

b. The uniform and proportional requirements of Article VIII, Section 1 of the Nebraska Constitution; and

c. The equal protection clause of Article I, Section 1 of the Nebraska Constitution.

Although § 77-1735 was amended in 1989 and 1991, at the time the petition in this case was filed it provided:

If a person who claims a tax or any part thereof to be invalid for any reason other than the valuation of the

property shall have paid the same to the treasurer or other proper authority in all respects as though the same was legal and valid, he or she may, at any time within thirty days after such payment, demand the same in writing from the county treasurer to whom paid. If the same shall not be refunded within ninety days thereafter, he or she may sue such county treasurer for the amount so demanded. Upon the trial, if it shall be determined that such tax or any part thereof was for any reason invalid, judgment shall be rendered therefor with interest and such judgment shall be collected as in other cases. . . .

Section 77-1735 gives

the taxpayer the right to maintain an action at law to recover such a tax or any part thereof, and [makes] it the duty of the courts to determine whether such tax or any part thereof [is] illegal, unauthorized, or invalid, and to render judgment for the taxpayer for the amount so determined.

(Syllabus of the court.) *Loup River Public Power District v. County of Platte*, 144 Neb. 600, 14 N.W.2d 210 (1944). See, also, *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986); *Frye v. Haas*, 182 Neb. 73, 152 N.W.2d 121 (1967); *Misle v. Miller*, 176 Neb. 113, 125 N.W.2d 512 (1963).

In an action for a refund of taxes pursuant to § 77-1735, the taxpayer must (1) claim the tax is invalid for any reason other than the valuation of the property, (2) have paid the tax as though it was legal and valid, (3) have demanded the tax within 30 days after payment from the county treasurer to whom paid, and (4) not have received a refund from the tax within 90 days of his demand for refund.

The defendants in this case are the County Treasurer of Douglas County, Nebraska, and the various governmental subdivisions which share in the taxes levied against the personal property of the plaintiff. The defendants filed separate demurrers alleging that the district court lacked jurisdiction of the subject matter of the action and that the petition failed to state facts sufficient to constitute a cause of action.

On February 6, 1990, the trial court sustained the demurrers of the defendants and dismissed the petition. From that

judgment the plaintiff has appealed.

The defendants argue and the trial court found that the petition presented an issue concerning the valuation of the plaintiff's property and that the plaintiff's remedy was by way of protest to the county board of equalization. That is an incorrect interpretation of the plaintiff's petition.

The plaintiff has alleged that the taxes assessed and levied against its personal property in 1988 were unconstitutional and void and that it has complied with the requirements of § 77-1735 to obtain a refund of the taxes which it paid. The petition was sufficient to state a cause of action under § 77-1735, which is a matter over which the district court has subject matter jurisdiction.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

CAPORALE, J., not participating in the decision.

WHITE, J., not participating.