WATS MARKETING OF AMERICA, INC., APPELLANT, V. SAM J.
HOWELL, DOUGLAS COUNTY TREASURER, ET AL., APPELLEES.
494 N.W.2d 526

Filed January 22, 1993.   No. S-90-251.

Howard N. Kaplan and Robert L. Lepp, of McGill, Parsonage & Lanphier, P.C., for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, John E. Huber, Paul F. Peters, and Jo A. Cavel for appellees Howell et al.

William Jay Riley, of Fitzgerald, Schorr, Barmettler & Brennan, for appellee Metropolitan Technical Community College.

Michael Kelley, of Kelley, Kelley & Lehan, P.C., for appellee Metro Area Transit Authority.

Kelley Baker, of Harding & Ogborn, for appellee Douglas County School District No. 54.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and RONIN, D.J., Retired.

BOSLAUGH, J.

This is an action by the plaintiff, Wats Marketing of America, Inc., to recover taxes in the amount of $45,991.58 assessed and levied against its personal property in 1988.

The petition, which was filed August 24, 1989, contained essentially the same allegations as the petition filed in *First Data Resources v. Howell, post* p. 248, 494 N.W.2d 542 (1993), decided today. The prayer of the petition was that the County Treasurer of Douglas County or such other proper party be

ordered to refund the taxes paid by the plaintiff on the personal property and not otherwise refunded, together with interest and costs.

The defendants in this case are the County Treasurer of Douglas County, Nebraska, and the various governmental subdivisions which share in the taxes levied against the personal property of the plaintiff. The defendants filed separate demurrers alleging that the district court lacked jurisdiction of the subject matter of the action and that the petition failed to state facts sufficient to constitute a cause of action.

On February 6, 1990, the trial court sustained the demurrers of the defendants and dismissed the petition. From that judgment the plaintiff has appealed.

In this case the defendants made the same contentions as in *First Data Resources, supra*, and the trial court found that the petition presented an issue concerning the valuation of the plaintiff's property. This was erroneous, and the judgment must be reversed for the reasons stated in *First Data Resources, supra*.

The judgment is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

CAPORALE, J., not participating in the decision.