STATE OF NEBRASKA, APPELLEE, V.
JOHNNY L. RAY, APPELLANT.
668 N.W.2d 52

Filed August 22, 2003. No. S-02-1081.

James J. Regan for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Johnny L. Ray appeals the order of the district court for Douglas County denying his motion for postconviction relief after

an evidentiary hearing. In its order, the district court rejected Ray's claims based on ineffective assistance of counsel. We affirm.

## STATEMENT OF FACTS

Ray was convicted of one count of first degree murder, one count of attempted first degree murder, and two counts of use of a firearm in the commission of a felony. He was sentenced to life imprisonment for murder, 16⅔ to 50 years' imprisonment for attempted murder, and 6⅔ to 20 years' imprisonment for each use of a firearm count. The use of a firearm counts were ordered to be served consecutively to the murder counts.

A tape-recorded confession Ray gave to police was admitted at the trial. The failure of trial counsel to have the taped confession suppressed and the failure of the same counsel to obtain a reversal on appeal based on the receipt of the confession into evidence are the focus of this postconviction case.

The record from the trial shows that Ray was taken into custody hours after a shooting incident on the evening of September 18, 1990, in which one individual was killed and another injured. This incident was 2 days before Ray turned 18 years of age. After Ray had been in custody for approximately 4 hours, the police interviewed Ray and elicited certain exculpatory statements from him without advising him of his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). There is no dispute that these exculpatory statements were deemed by the district court to be inadmissible and were excluded from evidence during Ray's trial. Shortly after making the exculpatory remarks, Ray was told he was a suspect and given his *Miranda* warnings. The police interrogation continued. It was during this continued interrogation that Ray incriminated himself and thereafter gave a tape-recorded confession.

Prior to trial, Ray's counsel filed a motion to suppress, challenging, inter alia, the admissibility of the taped confession as " 'involuntary and the product of threats, coercion and inducements of leniency made by members of the Omaha Police Division.' " *State v. Ray*, 241 Neb. 551, 555, 489 N.W.2d 558, 561 (1992). Following an evidentiary hearing, at which Ray did not testify, the motion was overruled. After the taped confession was admitted into evidence and played for the jury, Ray's counsel

cross-examined the police officer who recorded the statement. Thereafter, Ray's counsel renewed the suppression motion, and again the motion was overruled. Later during the trial, Ray testified, and his testimony addressed, in part, the substance of his taped confession. Ray was convicted and sentenced.

Ray's trial counsel filed an appeal, claiming as the sole assignment of error that the trial court erred in finding Ray's taped confession was not the product of improper inducement and in refusing to suppress that inculpatory statement. In *State v. Ray, supra*, we affirmed Ray's convictions and sentences.

On December 19, 2000, Ray filed a motion for postconviction relief. Ray is represented by new counsel in these postconviction proceedings. In the motion, Ray asserted, inter alia, that his constitutional rights had been violated due to ineffective assistance of original counsel in connection with counsel's inability to have Ray's confession suppressed. A postconviction evidentiary hearing was held February 27, 2002. Ray was the only "live" witness who testified at his postconviction evidentiary hearing. The only exhibit offered and received into evidence was the deposition of Ray's trial counsel, who indicated that he focused on the coercion aspect of the confession at trial and on appeal. The district court took judicial notice of the "records of the Nebraska Supreme Court in the case of State v. Johnny Ray, reported at 241 Neb. 551."

In an order entered on August 28, 2002, the district court denied Ray's motion for postconviction relief. We note that the district court determined that although Ray had raised "numerous grounds" for relief in his postconviction motion, during the February 27 evidentiary hearing, the request for relief was "limited to ineffective assistance of counsel in connection with trial counsel's inability to suppress [Ray's] confession." On appeal to this court, Ray has not challenged the district court's interpretation of the basis for the requested relief in his postconviction motion, and our analysis is similarly circumscribed.

The focus of the postconviction evidence corresponded to Ray's assertion that his original counsel was deficient by failing to impart to the court a list of Ray's personal characteristics, which characteristics would have shown that Ray's will was easily overborne and that the confession was involuntary. Ray

does not assert that the circumstances of the pre-*Miranda* custody were inherently coercive. In its August 28, 2002, order, the district court determined that the record of the postconviction hearing did not establish ineffective assistance of counsel and, thus, denied Ray's motion for postconviction relief. Ray appeals.

## ASSIGNMENT OF ERROR

On appeal, Ray sets forth one assignment of error. Ray claims that the district court erred in overruling his motion for postconviction relief and in determining that Ray's original counsel was not ineffective as a matter of law.

## STANDARD OF REVIEW

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Gonzalez-Faguaga, ante* p. 72, 662 N.W.2d 581 (2003).

## ANALYSIS

In his motion for postconviction relief, Ray asserts generally that his constitutional rights have been violated due to ineffective assistance of counsel. Specifically, Ray claims that (1) because the pre-*Miranda* statements were suppressed, the post-*Miranda* confession was tainted and should have been suppressed, and (2) original counsel failed to impart a list of Ray's personal characteristics which would have demonstrated the confession was not voluntarily given.

■ In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Harrison*, 264 Neb. 727, 651 N.W.2d 571 (2002). To sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution or article I, § 11, of the Nebraska Constitution, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Gonzalez-Faguaga, supra*; *State v. Harrison, supra.* The two prongs of the

ineffective assistance of counsel test, deficient performance and prejudice, may be addressed in either order. If it is more appropriate to dispose of an ineffectiveness claim due to the lack of sufficient prejudice, that course should be followed. *State v. Harrison, supra.*

## IMPACT OF SUPPRESSION OF PRE-*MIRANDA* STATEMENTS ON POST-*MIRANDA* CONFESSION

Ray argues that his post-*Miranda* confession could not be considered voluntary because it followed his pre-*Miranda* custodial statements, the latter of which were suppressed. Ray claims that his original counsel was ineffective for failing to argue that Ray's pre-*Miranda* statements "impermissibly tainted [Ray's] subsequent confession." Brief for appellant at 10. Ray's argument presumes that a Mirandized statement made subsequent to unwarned suppressed statements must invariably be suppressed. This presumption is incorrect as a matter of law, and we reject Ray's argument.

Ray asserts, and the State does not dispute, that Ray was in custody during the time both the statements and the confession were made. The record reflects that at the onset of police questioning, prior to being given his *Miranda* warnings, Ray made statements essentially disavowing any involvement in the crimes. At trial, these statements were suppressed. Following these exculpatory statements, the police advised Ray that he was a suspect, and he was given his *Miranda* warnings. Thereafter, Ray confessed, which confession was tape-recorded and played to the jury at trial.

In arguing that the taped confession was "tainted" by the pre-*Miranda* statements, Ray invokes the "tainted fruit of the poisonous tree" language taken from cases such as *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963), in which Fourth Amendment violations have led to the suppression of evidence, including the suppression of confessions. See *Taylor v. Alabama*, 457 U.S. 687, 102 S. Ct. 2664, 73 L. Ed. 2d 314 (1982). Ray's argument confuses the role of the Fourth Amendment exclusionary rule designed to deter unreasonable searches, no matter how probative their fruits, and the function of *Miranda* in guarding against the prosecutorial use of

compelled statements as prohibited by the Fifth Amendment. See *Oregon v. Elstad*, 470 U.S. 298, 105 S. Ct. 1285, 84 L. Ed. 2d 222 (1985).

The U.S. Supreme Court has recognized that " 'a living witness is not to be mechanically equated with the proffer of inanimate evidentiary objects illegally seized [and that] the living witness is an individual human personality whose attributes of will, perception, memory and volition interact to determine what testimony he will give.' " *United States v. Ceccolini*, 435 U.S. 268, 277, 98 S. Ct. 1054, 55 L. Ed. 2d 268 (1978) (quoting *Smith v. United States*, 324 F.2d 879 (D.C. Cir. 1963)). It is an unwarranted extension of *Miranda* to say that an unwarned statement "so taints the investigatory process that a subsequent voluntary and informed waiver is ineffective for some indeterminate period." *Oregon v. Elstad*, 470 U.S. at 309. Thus, although "*Miranda* requires that the unwarned [statement] must be suppressed, the admissibility of any subsequent statement should turn in these circumstances solely on whether it is knowingly and voluntarily made." *Id*. See, also, *State v. Escamilla*, 245 Neb. 13, 511 N.W.2d 58 (1994).

We therefore conclude that the taped confession was not required to be suppressed solely because it was given subsequently to the suppressed unwarned statements. Accordingly, where original counsel made no such legal argument urging suppression, which argument would have been unavailing, counsel's performance was not deficient on this basis.

### KNOWINGLY AND VOLUNTARILY MADE CONFESSION

We proceed to Ray's assertion before us on appeal that he is entitled to postconviction relief, because his original counsel, "while raising the question of voluntariness of [Ray's] confession at . . . pretrial, trial and appellate proceedings, failed to adequately develop a record, argue and appeal all of the grounds that would have supported a judicial determination that [Ray's] confession was not voluntary." Brief for appellant at 7. Whether a confession or statement was voluntary depends on the totality of the circumstances. *State v. Garner*, 260 Neb. 41, 614 N.W.2d 319 (2000); *State v. Ray*, 241 Neb. 551, 489 N.W.2d 558 (1992).

It has been stated that in assessing the totality of the circumstances, the court will examine the tactics used by the police,

the details of the interrogation, and any characteristics of the accused that might cause his or her will to be easily overborne. *U.S. v. Rohrbach*, 813 F.2d 142 (8th Cir. 1987), *cert. denied* 482 U.S. 909, 107 S. Ct. 2490, 96 L. Ed. 2d 381. With respect to the Due Process Clause of the 14th Amendment, we have observed that "[w]hile circumstances surrounding the statement and the characteristics of the individual defendant at the time of the statement are potentially material considerations, coercive police activity is a necessary predicate to the finding that a confession is not voluntary . . . ." *State v. Garner*, 260 Neb. at 49, 614 N.W.2d at 327. For the reasons outlined below, even if we were to assume that coercive police activity occurred prior to Ray's making the initial statements, the list of personal characteristics standing alone, which Ray claims his original counsel failed to impart, would not have led to a finding that Ray's post-*Miranda* confession was involuntary and that, thus, original counsel's performance was not deficient for failing to impart the list. Compare, e.g., *Oregon v. Elstad*, 470 U.S. 298, 312 n.3, 105 S. Ct. 1285, 84 L. Ed. 2d 222 (1985) (citing cases collected).

Ray argues that original counsel's performance was deficient and that he was prejudiced by original counsel's failure to offer evidence regarding Ray's age, his lack of education, his detention, and his unfamiliarity with police interrogation. However, in his brief on postconviction appeal, Ray acknowledges that at the pretrial suppression hearing, trial counsel "elicited the fact that . . . Ray was a juvenile at the time of his arrest, and had been kept in solitary for four hours before any contact by police, without any effort to contact his parents." Brief for appellant at 8. Ray's brief on direct appeal also included these facts (see case No. S-91-478). Thus, it cannot be said that original counsel was deficient by failing to bring these facts to the court's attention.

We have reviewed the evidence adduced during the postconviction hearing regarding the other personal characteristics that Ray claims are significant: lack of education and unfamiliarity with police questioning. Given his age, Ray's educational background was apparent. With respect to police questioning, Ray admitted to his experience involving his juvenile record. The postconviction record does not explore these facts further.

■ On the record before us and the postconviction court, the personal characteristics and facts surrounding the taped confession do not in and of themselves demonstrate characteristics of an individual whose will is easily overborne. In this regard, we have noted that factors such as age or limited time in custody, standing alone, are not determinative of voluntariness. *State v. Garner*, 260 Neb. 41, 614 N.W.2d 319 (2000); *State v. Chojolan*, 253 Neb. 591, 571 N.W.2d 621 (1997). We have also rejected a claim that within limits, lack of sleep makes a confession involuntary. *State v. Prim*, 201 Neb. 279, 267 N.W.2d 193 (1978). In the instant postconviction case, Ray has given us a list of personal characteristics which are not determinative of the issue of voluntariness. Furthermore, Ray has not shown how these characteristics were exploited by the police in the case at bar. The postconviction record does not show a will overborne.

■ In a postconviction proceeding, the defendant has the burden of demonstrating ineffectiveness of counsel, and the record must affirmatively support the claim. *State v. Wiemer*, 3 Neb. App. 821, 533 N.W.2d 122 (1995). It is the criminal defendant's burden to demonstrate that he or she was prejudiced by the alleged deficiencies of counsel. *State v. Gonzalez-Faguaga, ante* p. 72, 662 N.W.2d 581 (2003). To prove prejudice, the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

A review of the postconviction record indicates that Ray has failed to show that his confession was involuntary or to demonstrate that he was prejudiced by the alleged deficiencies of his original counsel. See *State v. Gonzalez-Faguaga, supra*. The determinations of the postconviction court denying relief were not clearly erroneous.

## CONCLUSION

The district court did not err in rejecting Ray's claim of ineffective assistance of counsel and in denying Ray's motion for

postconviction relief. We therefore affirm the district court's denial of Ray's motion for postconviction relief.

AFFIRMED.