STATE OF NEBRASKA, APPELLEE, V.
EDWARD MOYER, SR., APPELLANT.
715 N.W.2d 565

Filed June 16, 2006.　No. S-05-079.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

### NATURE OF CASE

After pleading guilty to burglary, Edward Moyer, Sr., was sentenced to a term of imprisonment and ordered to make restitution

to his victims. When Moyer's trial counsel did not appeal the sentence, Moyer filed a postconviction action and, ultimately, was granted a new direct appeal by the district court. Pursuant to that order, Moyer filed this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2002, Moyer and three other men broke into a convenience store in Bennett, Nebraska, and stole an automatic teller machine (ATM) belonging to First State Bank. The men loaded the ATM into the back of their pickup truck and, after driving to an abandoned farmstead, opened the ATM using a cutting torch. The ATM contained $10,360, which the men split evenly among themselves.

In September, Moyer was charged with burglary. After initially pleading not guilty to the charge, Moyer withdrew the plea and entered a guilty plea. In March 2003, Moyer was sentenced to 5 to 10 years' imprisonment, ordered to pay costs of the action, and ordered to pay restitution of $10,360 to First State Bank and $1,095 to the convenience store.

In April 2004, Moyer filed a motion for postconviction relief in the district court, alleging that his attorney failed to file a direct appeal as Moyer had directed. The court sustained the motion, granted Moyer 30 days in which to file a direct appeal, and appointed the Lancaster County public defender to represent Moyer on appeal. See *State v. McCracken*, 260 Neb. 234, 615 N.W.2d 902 (2000), *abrogated on other grounds, State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002). Pursuant to that order, Moyer filed this direct appeal.

## ASSIGNMENTS OF ERROR

Moyer assigns, summarized, restated, and renumbered, that (1) he received ineffective assistance of counsel because his attorney failed to challenge the constitutionality of the criminal restitution statutes, and as a result, he was ordered to pay restitution in violation of the statutory requirement that criminal penalties be appropriated for the support of common schools; (2) he received ineffective assistance of counsel because his attorney failed to disclose to him the contents of the presentence report, and consequently, the district court imposed a sentence based on a presentence report containing false information; and

(3) the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

■ Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Canbaz*, 270 Neb. 559, 705 N.W.2d 221 (2005).

■ The constitutionality of a statute is a question of law, regarding which this court is obligated to reach a conclusion independent of the determination reached by the trial court. *State v. Conover*, 270 Neb. 446, 703 N.W.2d 898 (2005).

■ A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Aldaco, ante* p. 160, 710 N.W.2d 101 (2006). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Lykens, ante* p. 240, 710 N.W.2d 844 (2006).

## ANALYSIS

*Nebraska's Criminal Restitution Statutes Are Not Unconstitutional, and Thus, Moyer Was Not Prejudiced by Trial Counsel's Failure to Challenge Their Constitutionality.*

Moyer assigns that the district court erred in ordering him to pay restitution pursuant to Neb. Rev. Stat. §§ 29-2280 to 29-2289 (Reissue 1995) because such statutory sections are unconstitutional. Specifically, Moyer argues that Nebraska's criminal restitution statutes violate Neb. Const. art. VII, § 5(1), which states, in relevant part, that

> all fines, penalties, and license money arising under the general laws of the state . . . shall belong and be paid over to the counties respectively where the same may be levied or imposed, and all fines, penalties, and license money arising

under the rules, bylaws, or ordinances of cities, villages, precincts, or other municipal subdivision less than a county shall belong and be paid over to the same respectively. All such fines, penalties, and license money shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue . . . .

The State initially asserts that any error committed by the district court in ordering Moyer to make restitution was invited error because Moyer, individually and through trial counsel, agreed to be subject to restitution and encouraged the court to consider the restitution figure in determining Moyer's sentence. Thus, the State argues that Moyer's assignment of error is waived. In addition, the State argues that Moyer also waived his challenge to the constitutionality of the restitution statutes on appeal because he failed to raise the issue before the district court and, alternatively, that the restitution statutes are constitutional.

During Moyer's arraignment hearing, the court informed Moyer of the punishment associated with burglary, including a potential order to pay restitution, and when asked if he understood the potential penalty for burglary, Moyer answered affirmatively. Neither Moyer nor his trial counsel challenged the constitutionality of the statutes providing for criminal restitution. During Moyer's sentencing hearing, the court noted that Moyer had agreed that an order of restitution could be entered against him, and Moyer's attorney encouraged the court to consider the amount of restitution to be ordered in determining Moyer's sentence. Further, when asked to comment on his sentencing, Moyer stated, in part, "I know I did wrong and I am doing my time. And if I — as soon as I get out, I could pay my restitution." Again, neither Moyer nor his attorney challenged the constitutionality of the restitution provisions.

A constitutional issue not presented to or passed upon by the trial court is generally not appropriate for consideration on appeal. See *State v. Diaz*, 266 Neb. 966, 670 N.W.2d 794 (2003). Moyer failed to challenge the constitutionality of the restitution statutes before the trial court, and he, without question, waived the error. However, Moyer argues that such waiver occurred as a result of the ineffectiveness of his trial counsel in failing to

present a constitutional challenge to the restitution statutes. Accordingly, we consider whether the failure of Moyer's attorney to challenge the constitutionality of the Nebraska criminal restitution penalties constitutes ineffective assistance of counsel.

A claim of ineffective assistance of counsel may or may not be considered when it is made on direct appeal. The determining factor is whether the record is sufficient to adequately review the question. If the matter has not been raised or ruled on at the trial level and requires an evidentiary hearing, an appellate court will not address the matter on direct appeal. See *State v. King*, 269 Neb. 326, 693 N.W.2d 250 (2005).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Aldaco, ante* p. 160, 710 N.W.2d 101 (2006). To demonstrate that his or her counsel's performance was deficient, a defendant must show that counsel did not perform at least as well as a criminal lawyer with ordinary training and skill in the area. *State v. McDermott*, 267 Neb. 761, 677 N.W.2d 156 (2004). Moyer argues that his attorney was deficient in failing to challenge the constitutionality of the criminal restitution statutes at the sentencing hearing. The record on appeal is not sufficient to determine whether the performance of Moyer's attorney was deficient. However, the record is sufficient to review the issue of whether the alleged deficiency was prejudicial to Moyer's defense. The two prongs of the ineffective assistance of counsel test, deficient performance and prejudice, may be addressed in either order. If it is more appropriate to dispose of an ineffectiveness claim due to the lack of sufficient prejudice, that course should be followed. *State v. Ray*, 266 Neb. 659, 668 N.W.2d 52 (2003).

To prove prejudice for a claim of ineffective assistance of counsel, the defendant must show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Rieger*, 270 Neb. 904, 708 N.W.2d 630 (2006). Here, we must determine whether, but for the failure of Moyer's

attorney to challenge the constitutionality of the Nebraska restitution statutes, the result of Moyer's sentencing would have been different. Thus, we consider the merits of a constitutional challenge to §§ 29-2280 to 29-2289.

Moyer asserts that §§ 29-2280 to 29-2289, under which a sentencing court may order a defendant to make restitution for the loss sustained by a victim, violate Neb. Const. art. VII, § 5(1), which provides that all fines, penalties, and license money be reserved for the use and support of the common schools. The presumption is always in favor of the constitutionality of legislation, and an act should be held to be within the proclamation if it can be done by any reasonable construction. *State v. Conover*, 270 Neb. 446, 703 N.W.2d 898 (2005).

We have stated that restitution ordered by a court pursuant to § 29-2280 is a criminal penalty imposed as punishment for a crime. *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (1987). However, we have yet to determine whether such restitution orders are penalties within the meaning of Neb. Const. art. VII, § 5. In *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990), we noted the potential conflict between §§ 29-2280 to 29-2289, which contemplate the payment of restitution to the victim, and Neb. Const. art. VII, § 5, which requires that penalties be paid over to the counties for the support of the common schools. However, it was not necessary to decide the issue in *Yost, supra*.

In *School District of the City of Omaha v. Adams*, 147 Neb. 1060, 26 N.W.2d 24 (1947), we considered whether, based upon Neb. Const. art. VII, § 5, statutory penalties collected for the failure to list intangible property for taxation belonged to the Omaha School District. We stated that art. VII, § 5, does not refer to those damages that a private person may sustain, but applies only to those that are given to the public and go into the public treasury.

> Clearly a statutory provision for liquidated damages in favor of a private person where it is not so oppressive as to offend constitutional requirements as to due process, although in the form of a penalty, does not create a penalty that must be appropriated to the use and support of the common schools within the meaning of section 5, article VII, of the Constitution.

*Adams,* 147 Neb. at 1064, 26 N.W.2d at 27.

In evaluating the 50-percent penalties imposed by statute for the failure to list intangible property for taxation, we stated that such penalties are "punitive in character insofar as the wrongdoer is concerned[,] prescribed . . . in part to induce owners of intangible property to list such property for assessment by imposing a severe penalty for failure to so do." *Id.* at 1063, 26 N.W.2d at 26. However, we further stated that while the statute is punitive in that respect, it is compensatory or remedial as to the taxing bodies involved "for the delay caused by the failure to list for assessment purposes and the consequent derangement of tax records and collection processes." *Id.* at 1066, 26 N.W.2d at 28. Because the statute was not solely punitive, we determined that the penalty imposed by the statute was not contemplated by Neb. Const. art. VII, § 5.

In *School District of McCook v. City of McCook,* 163 Neb. 817, 81 N.W.2d 224 (1957), we addressed whether moneys paid after receiving a violation notice under parking meter ordinances were fines, penalties, and license moneys within the meaning of article VII, § 5, and therefore property of the school district. We noted the regulatory purpose of coins deposited in a parking meter under the ordinance, in preventing overtime parking so as to avoid congestion, permitting free movement of traffic, and correcting abuses of the parking privilege. However, we explained that the penalties imposed for parking violations were not part of that regulatory purpose but were penalties paid by violators to purge themselves of the violation charges. Such penalties were not remedial or compensatory to the city. Thus, we found the facts to be distinguishable from those of *Adams, supra,* stating that in *School District of McCook,* 163 Neb. at 825, 81 N.W.2d at 229, "the moneys were paid as a punishment for violating a police regulation which was in no manner compensatory to the city. It was clearly a penalty within the meaning of the constitutional provision." Cf., *DeCamp v. City of Lincoln,* 202 Neb. 727, 277 N.W.2d 83 (1979) (court costs collected by city violations bureau for parking violations were not fines or penalties within meaning of state Constitution); *Abel v. Conover,* 170 Neb. 926, 104 N.W.2d 684 (1960) (damages which double or treble

actual compensatory damages established are in contravention of due process clause and article VII, § 5).

 Based on our reasoning in *School District of the City of Omaha v. Adams*, 147 Neb. 1060, 26 N.W.2d 24 (1947), and *School District of McCook, supra*, the Nebraska criminal restitution statutes challenged by Moyer do not violate Neb. Const. art. VII, § 5. Section 29-2280 states, in part: "A sentencing court may order the defendant to make restitution for the actual physical injury or property damage or loss sustained by the victim as a direct result of the offense for which the defendant has been convicted." Although an order to make restitution is punitive as to the wrongdoer, it is limited to the actual loss sustained by the victim and is thus compensatory or remedial in nature. Accordingly, we hold that restitution, ordered in an amount not exceeding the actual damage sustained by the victim, pursuant to § 29-2280, is not a penalty within the meaning of Neb. Const. art. VII, § 5, and is constitutional.

We conclude that Nebraska's criminal restitution statutes are not unconstitutional and, therefore, the failure of Moyer's trial counsel to challenge such statutes before the sentencing court was not prejudicial to Moyer's defense, as such argument would have been without merit.

*Record Is Insufficient to Review Moyer's Claim of Ineffective Assistance of Counsel Regarding Counsel's Alleged Failure to Disclose to Moyer Contents of Presentence Report.*

Moyer argues that the presentence report prepared prior to his sentencing contained errors that were never disclosed to him by his trial counsel and that the district court's consideration of the inaccuracies was in error. Moyer asserts that his trial counsel was deficient in failing to disclose information in the presentence report, depriving him of the opportunity to correct the errors regarding his criminal history prior to sentencing. Moyer asks us to remand the cause for an evidentiary hearing on this claim of ineffective assistance of counsel.

The State argues that Moyer waived any claim that the presentence report contained erroneous information because when asked during his sentencing hearing, he confirmed to the court that he had an opportunity to talk with his attorney about the contents of

the presentence report and that he was not aware of any necessary changes or additions. With respect to Moyer's claim of ineffective assistance of counsel, the State asserts that Moyer was not prejudiced by the alleged failure of trial counsel to disclose the contents of the presentence report because none of the claimed errors are significant in the context of Moyer's criminal record and, thus, would not have affected the sentence.

A defendant has a qualified right to review his or her presentence report, and the defendant may, with his or her attorney, examine the presentence report subject to the court's supervision. However, the defendant waives that qualified right by not notifying the trial court that he or she has not personally reviewed the report and that he or she wishes to do so. *State v. Cook*, 266 Neb. 465, 667 N.W.2d 201 (2003). The failure to object to the presentence report precludes a defendant from challenging it on appeal. *State v. Freeman*, 267 Neb. 737, 677 N.W.2d 164 (2004).

Prior to Moyer's sentencing, the following colloquy took place:

> THE COURT: [Counsel for Moyer], have you had an opportunity to review the contents of the presentence investigation report?
>
> [Counsel]: I have, Judge.
>
> THE COURT: Are you aware of any changes, corrections or additions that need to be made to it?
>
> [Counsel]: No, sir, not to my knowledge.
>
> THE COURT: Mr. Moyer, have you had an opportunity to talk with [counsel] about the contents of the presentence investigation report?
>
> DEFENDANT E. MOYER, SR.: Yes, sir.
>
> THE COURT: Are you aware of any changes, corrections or additions that need to be made to it?
>
> DEFENDANT E. MOYER, SR.: No, sir.

Moyer's failure to object to the presentence report at sentencing effectively waived his right to challenge it on appeal. However, Moyer claims that such failure was a result of his trial counsel's failure to disclose to him the contents of the presentence report.

*State v. McDermott*, 267 Neb. 761, 677 N.W.2d 156 (2004), presented a similar question. In that case, Robert McDermott pled guilty to possession of a controlled substance with intent to deliver pursuant to a plea agreement. At the sentencing hearing,

the court asked trial counsel if he had had an opportunity to review the presentence report and whether he wished to make any corrections. No objections were made to the accuracy of the information in the report. McDermott was sentenced, and counsel filed an appeal alleging that the sentence was excessive.

After the sentence was affirmed, McDermott retained new counsel and filed a postconviction motion alleging ineffective assistance of counsel due, in part, to counsel's failure to adequately discuss McDermott's criminal history with him prior to sentencing. McDermott alleged that if he had been given the opportunity to review the presentence report, he would have brought erroneous information in the report to the attention of his attorney and the court. The district court denied the motion. On appeal, the Nebraska Court of Appeals concluded: "McDermott's motion for postconviction relief contained 'factual allegations which, if proved, constitute an infringement of McDermott's right to effective assistance of counsel under the federal Constitution, and the records and files do not affirmatively show that McDermott is entitled to no relief.'" *Id.* at 763, 677 N.W.2d at 159. Accordingly, the Court of Appeals remanded the matter for an evidentiary hearing.

On remand, the district court conducted an evidentiary hearing, during which trial counsel, McDermott, and the probation officer responsible for compiling the presentence report testified. The district court overruled McDermott's postconviction motion, and McDermott appealed. We affirmed the judgment of the district court, finding that McDermott's trial counsel was not deficient. We relied on testimony by the probation officer that she had met with McDermott to review his criminal record in the course of preparing the presentence report, and trial counsel's testimony that he went over the report with McDermott for 20 minutes prior to the sentencing hearing. We determined that without any indication by McDermott that the report contained errors, trial counsel was reasonable in relying on the report. *Id.*

The instant case presents the same question: whether Moyer's trial counsel was deficient in failing to disclose the contents of the presentence report to Moyer prior to sentencing. However, the record before us is simply not sufficient for us to review the claim. Unlike *McDermott, supra*, we do not have the benefit of

a record containing evidence of any conversations that took place between Moyer and trial counsel regarding the contents of the presentence report. If a matter has not been raised or ruled on at the trial level and requires an evidentiary hearing, an appellate court will not address the matter on direct appeal. *State v. Faust*, 265 Neb. 845, 660 N.W.2d 844 (2003). Because the record is insufficient to evaluate Moyer's claim of ineffective assistance of counsel in this regard, we decline to address it on direct appeal.

*District Court Did Not Impose Excessive Sentence.*

Moyer assigns that the district court erred in imposing an excessive sentence. Moyer claims that the court failed to adequately consider information regarding the plea agreements provided to his codefendants and the fact that Moyer accepted responsibility and pled guilty. The State argues that the sentence was within statutory limits and that the court properly considered Moyer's extensive criminal history in determining the sentence.

Burglary, a Class III felony, is punishable by a maximum of 20 years' imprisonment, a fine of $25,000, or both, and a minimum of 1 year's imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2002); Neb. Rev. Stat. § 28-507 (Reissue 1995). In addition to the order of restitution, Moyer was sentenced to 5 to 10 years' imprisonment to be served consecutively to other sentences being served by Moyer, well within the statutory limits for the crime of burglary. Furthermore, Moyer's criminal record dates back to 1974 and includes convictions for sexual assault, multiple thefts and burglaries, and possession of a firearm by a felon.

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Aldaco, ante* p. 160, 710 N.W.2d 101 (2006). Based on our review of the record, we conclude that the sentence imposed in this matter was not excessive and that the district court did not abuse its discretion in ordering such sentence.

## CONCLUSION

The judgment of the district court is, therefore, affirmed.

AFFIRMED.