IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DAVIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DURELLE J. DAVIS, APPELLANT.

Filed December 8, 2015.    No. A-14-1137.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Douglas A. Johnson for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and IRWIN and INBODY, Judges.

MOORE, Chief Judge.

## I. INTRODUCTION

Following a jury trial in the district court for Douglas County, Durelle Davis (Davis) was found guilty of possession of a controlled substance and not guilty of possession of a deadly weapon by a prohibited person. On appeal, Davis asserts that he received ineffective assistance of trial counsel and his right to a fair trial by an impartial jury was denied by certain actions of the district court. Finding no merit to these claims, we affirm Davis' conviction and sentence.

## II. FACTUAL BACKGROUND

On January 10, 2014, Omaha police officers applied for and obtained a search warrant for an Omaha residence. The affidavit supporting the search warrant stated that these officers were informed by a U.S. marshal stationed in Omaha that an anonymous informant advised them that drugs were being sold at the residence, that the officers had "on several occasions . . . observed

short term vehicle and foot traffic to and from the residence" which from their past experience was indicative of possible drug sales, and that the officers obtained a "partial marijuana blunt, marijuana stems and seeds, and venue (two letters)" from trash left outside the residence on the day before the preparation of the affidavit and issuance of the search warrant.

On January 19, 2014, at 7:49 p.m., the search warrant was executed at the residence by four Omaha police officers. Upon entering the residence, the officers observed Davis running at the bottom of the basement stairs, back into the basement. Davis was apprehended in the basement of the residence by the officers along with Damion Davis and Monique Green. The officers proceeded to search the basement, locating a 9mm semiautomatic handgun, a loaded 9mm magazine and various other types of ammunition, a sawed-off 20-gauage shotgun, two digital scales, a yellow baggie containing a white substance that later tested positive for cocaine, 23 yellow baggies, and Davis' State Identification Card ("ID"). The ID was found on top of a television and appeared to have cocaine residue on it. It was also discovered that Davis was in possession of approximately $1,150 in cash. Davis claims the cash was earned through legal employment.

The officers arrested Davis and Damion following the search, and they were transported to police headquarters. Both their hands were swabbed for the presence of a controlled substance. Davis' hand swabs tested positive for trace amounts of cocaine, but Damion's did not.

The Return and Inventory for the search was not filed until January 21, 2014. This was the day following Martin Luther King Jr. Day, which is a court holiday.

### III. PROCEDURAL BACKGROUND

On March 25, 2014, Davis was charged with possession of a controlled substance, a Class IV felony, and with possession of a deadly weapon by a prohibited person, a Class ID felony.

Prior to trial, Davis filed a motion to suppress all statements unlawfully obtained from him, and all evidence or items unlawfully obtained as a result of the search by law enforcement officers. In the motion, Davis incorporated the contents of the motion to suppress evidence in the codefendant Damion's case. Davis thereafter filed an amended motion to suppress, wherein he asserted that the affidavit in support of the search warrant lacked sufficient and reliable information to establish probable cause to believe a crime was being committed or that evidence of a crime would be found; the allegations within the affidavit had become stale; the search was not conducted in "daytime hours" as required by the warrant; and the return and inventory for the search was not submitted within 10 days of the order granting the warrant.

On September 15, 2014, a hearing was held on Davis' motion to suppress. The State offered as exhibits the search warrant, the affidavit in support thereof, and the return and inventory for the search conducted pursuant to the warrant. Davis offered into evidence the motion to suppress filed by Damion and a copy of the district court's order denying Damion's motion. After taking the matter under advisement, the district court entered a written order the following day denying the motion.

On September 17-19 and 22, 2014, a jury trial was held before the district court. During trial, the State called the four officers who executed the search warrant as well as the crime lab technician who collected the hand swabs of Damion and Davis and the forensic chemist who tested

the hand swabs and the baggie which contained cocaine. After the State rested its case, Davis testified in his own defense. Davis remained adamant that he did not use cocaine on the evening of the search. Davis further testified that his ID was left at the residence on an earlier date because that ID was no longer a proper form of identification due to a change in the law since he acquired it, and he had since obtained a driver's license from the Department of Motor Vehicles.

During trial, Davis' attorney did not renew the motion to suppress or object to the admission of any evidence seized during the search. The jury returned a verdict of guilty for possession of controlled substance, and not guilty for possession of a deadly weapon by a prohibited person. The district court accepted the jury's verdicts and adjudged Davis guilty of the possession of a controlled substance offense.

A sentencing hearing occurred on November 25, 2014. Prior to sentencing, Davis' trial counsel withdrew for health reasons. Sentencing proceeded as scheduled after Davis was appointed a new attorney. Davis was sentenced to 20 to 48 months' imprisonment with 311 days of credit for time served.

Further testimony and evidence with regard to the search, the motion to suppress and hearing on the motion, and trial is discussed in more detail below. Davis subsequently perfected this appeal.

## IV. ASSIGNMENTS OF ERROR

Davis assigns, restated, that he was denied his Sixth Amendment right to effective assistance of counsel. Specifically, Davis asserts that this right was violated when his trial counsel failed to object to the admission of virtually all evidence brought against him, asked incriminating questions of witnesses, and offered into evidence incriminating physical evidence.

Davis also assigns, restated, that he was denied his due process right to a fair trial by an impartial jury by certain actions of the district court. Specifically, Davis asserts that the court violated this right by interposing its own objections to the defense counsel's questions while the jury was present.

## V. STANDARDS OF REVIEW

A claim of ineffective assistance of counsel may or may not be considered when it is made on direct appeal. The determining factor is whether the record is sufficient to adequately review the question. If the matter has not been raised or ruled on at the trial level and requires an evidentiary hearing, an appellate court will not address the matter on direct appeal. *State v. Moyer*, 271 Neb. 776, 715 N.W.2d 565 (2006).

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact, and, in particular, determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law. *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013).

A violation of a defendant's right to a fundamentally fair trial by an impartial jury in conjunction with due process of law must be evaluated on a harmless error basis. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000).

## VI. ANALYSIS

### 1. Ineffective Assistance of Counsel Claim

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011). Upon our review, we conclude the record is sufficient for this court to address the ineffective assistance of counsel claims because it is clear from the record that the claims are without merit.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Rocha*, 286 Neb. 256, 836 N.W.2d 774 (2013). To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Wabashaw*, 274 Neb. 394, 740 N.W.2d 583 (2007).

An appellate court may address the two prongs of this test, deficient performance and prejudice, in either order. *State v. Newman*, 290 Neb. 572, 861 N.W.2d 123 (2015). If it is more appropriate to dispose of an ineffectiveness claim due to the lack of sufficient prejudice, that course should be followed. *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013).

Davis asserts that his trial counsel was ineffective in three respects: (1) by failing to challenge the sufficiency of the affidavit and application in support of the search warrant; (2) by failing to preserve at trial the objection to the admissibility of evidence contained in his motion to suppress; and (3) by posing incriminating questions to Davis regarding the possession of a controlled substance charge. We will address each of these allegations of ineffectiveness in turn.

### (a) Challenge to Sufficiency of Affidavit

Davis claims that trial counsel only challenged the timing of the execution of the warrant and the timeliness of filing the return and inventory; both claims that were without merit. Davis asserts that trial counsel failed to challenge the sufficiency of the affidavit used to obtain the search warrant, which he claims was plainly inadequate to establish probable cause.

A review of the record reveals that Davis' trial counsel did, in fact, challenge the sufficiency of the affidavit for the search warrant. The initial motion to suppress filed by Davis' trial counsel incorporated Damion's motion to suppress (which challenged the sufficiency of the affidavit) into Davis' motion. The amended motion to suppress filed by Davis' counsel clearly raised the issue of the sufficiency of the affidavit. The district court took judicial notice of the proceedings in Damion's case and overruled Davis' objections to the affidavit for the same reasons it overruled Damion's objections; namely, that the warrant contained sufficient "foundation" under

the circumstances, the warrant had not become "stale," and even if the search warrant application were invalid, the officers acted in "objectively reasonably good faith" in relying on the warrant. After addressing and rejecting Davis' claims regarding the time of day the warrant was executed, and the timing of the return and inventory, the district court concluded that all other grounds raised by Davis in his amended motion to suppress were without merit.

Thus, because Davis' trial counsel did challenge the sufficiency of the affidavit for the search warrant, his performance was not deficient in this regard.

The question then becomes whether Davis' counsel was ineffective for failing to preserve the challenge to the sufficiency of the affidavit for the search warrant by objecting to the admission of evidence at trial. We address this issue next.

(b) Preserving Objection to Evidence

Davis asserts that his trial counsel was ineffective in failing to object to the admission of evidence that was obtained during the search of the residence. In a criminal trial, after a pretrial hearing and order overruling a defendant's motion to suppress, the defendant, to preserve the issue on appeal, must object at trial to the admission of the evidence which was the subject of the suppression motion. *State v. Walker*, 272 Neb. 725, 724 N.W.2d 552 (2006). See, also, *In re Interest of Ashley W.*, 284 Neb. 424, 821 N.W.2d 706 (2012) (the failure to object to evidence at trial, even though the evidence was the subject of a previous motion to suppress, waives the objection, and a party will not be heard to complain of the alleged error on appeal).

Davis argues that because the evidence acquired during the course of the execution of the search warrant made up the State's entire case against him, had trial counsel properly preserved the issues regarding the search through objection at trial, there is a reasonable probability that the result would have been different.

A search warrant, to be valid, must be supported by an affidavit that establishes probable cause. *State v. Sprunger*, 283 Neb. 531, 811 N.W.2d 235 (2012). In reviewing the strength of an affidavit submitted as a basis for finding probable cause to issue a search warrant, an appellate court applies a totality of the circumstances test. The question is whether, under the totality of the circumstances illustrated by the affidavit, the issuing magistrate had a substantial basis for finding that the affidavit established probable cause. *State v. Wiedeman*, 286 Neb. 193, 835 N.W.2d 698 (2013). In evaluating the sufficiency of an affidavit used to obtain a search warrant, the court is restricted to the information and circumstances contained within the four corners of the affidavit. *Sprunger, supra*.

Davis claims that the affidavit was insufficient in several regards. First, Davis argues that the marijuana found during the trash pull was indicative of personal use only and thus insufficient to establish probable cause for the search. Davis cites the case of *State v. Johnson*, 256 Neb. 133, 589 N.W.2d 108 (1999) in support of his argument. In *Johnson*, the defendant was convicted of possession of methamphetamine with intent to deliver and unauthorized possession of diazepam. In affirming this court's reversal of the conviction, the Nebraska Supreme Court concluded that the search warrant for the defendant's residence was not supported by probable cause. The affidavit upon which the search warrant was issued indicated that the defendant had been arrested on an unrelated matter and as a result of the pat-down search incident to arrest, a vial containing

methamphetamine and other drug paraphernalia were retrieved. The affidavit further stated that the officer was aware that the defendant was a person known to have engaged in the use and sale of controlled substances, and had previously been convicted of drug charges. The affidavit sought a warrant for the defendant's home to search for controlled substances, drug paraphernalia, currency, weapons, and other items generally associated with illicit drug trafficking. The Supreme Court determined that the affidavit did not contain any facts relating to the amount of the substance found on the defendant and whether it was consistent with personal use or anything that would lead to a reasonable inference that the defendant was engaged in the sale of controlled substances at or near the time of his arrest. The court found that the general statements in the affidavit concerning the defendant's prior conviction and involvement with controlled substances did not provide the temporal nexus necessary to establish probable cause.

Davis also points to the case of *State v. Holguin*, 14 Neb. App. 417, 708 N.W.2d 295 (2006). In that case, the defendant was convicted of aiding and abetting the manufacture of cocaine. A third party was the subject of a traffic stop and he was found to have several individually packed baggies containing cocaine, and he also had a key to a motel room. Law enforcement went to the motel and learned that the room was registered to the defendant. An affidavit was prepared to obtain a search warrant for the motel room, in which the officer stated that another officer had intelligence regarding the defendant traveling back and forth between Greeley, Colorado and Scottsbluff while transporting cocaine. In finding that the affidavit was insufficient to establish probable cause, this court first determined that the third party's possession of someone else's motel room key does not make it probable, without more information, that the cocaine came from such motel room. We further noted that the fact that the third person possessed an unspecified amount of cocaine in small baggies, as well as a motel key, did not provide a basis for inferring that he was a seller of cocaine, rather than a purchaser for personal use, or a basis for inferring that evidence of any such sales by the third person would probably be found in someone else's motel room. Turning to the information concerning the defendant contained in the affidavit, we first acknowledged that observations by a fellow officer engaged in a common investigation are a reliable basis for a search warrant. Nevertheless, we concluded that the affidavit did not explain how the officer obtained the "intelligence." We further concluded that the affidavit was lacking in information as to when the defendant was allegedly transporting cocaine. Thus, the affidavit did not reveal the underlying circumstances supporting the assertion that the defendant was transporting cocaine. Moreover, we noted that there were no facts recited in the affidavit to even suggest that the motel room had been investigated or watched by police, let alone that such investigation or surveillance produced something suggestive of drug trafficking.

Both of the foregoing cases are distinguishable from the instant case. First, Davis was charged and convicted of possession of a controlled substance, whereas *Johnson* and *Holguin* involved charges of either intent to deliver or manufacturing controlled substances. The affidavit in this case requested a warrant to search for evidence of possession as well as drug trafficking. Further, the presence of a marijuana blunt, stems and seeds in the trash was only one of the assertions in the affidavit. The affidavit also set forth that a deputy U.S. marshal in Omaha had received an anonymous tip that narcotics sales were being conducted at the residence, and that the officers had conducted surveillance of the property on several occasions and had observed short

term vehicle and foot traffic to and from the residence, indicative of possible drug sales. Viewing the totality of the circumstances set forth in the affidavit, we conclude that it was sufficient to establish probable cause.

We also reject Davis' suggestion that personal use of marijuana can never support the issuance of a search warrant. While the *Johnson* and *Holguin* cases do discuss that the affidavits did not suggest anything beyond personal use of the drug in question, those cases, as noted above, involved charges of either possession with intent to deliver or of manufacturing controlled substances. The affidavit in this case sought a warrant to search for, among other things, marijuana, "possession of which is illegal per Nebraska State Statutes." Neb. Rev. Stat. § 29-813(1) (Reissue 2008) authorizes the issuance of a warrant to search for and seize any property possessed in violation of any law of the State of Nebraska making such possession a criminal offense.

Because we conclude that the affidavit in this case was sufficient to establish probable cause for the issuance of a search warrant, Davis cannot show that he was prejudiced by his counsel's failure to preserve his objection to the evidence obtained as a result of the search.

For the sake of completeness, we note that the district court, in overruling Davis' motion to suppress (by incorporating its order in Damion's case), also found that under the "good faith" exception to the exclusionary rule, even if the application for the search warrant was deemed invalid, under the totality of the circumstances surrounding the issuance of the warrant, including information contained outside the four corners of the application, the officers acted in objectively reasonably good faith in relying on the warrant. Because we have determined that the affidavit was sufficient to establish probable cause for the issuance of the search warrant, we need not discuss the good faith exception further.

### (c) Introduction of Incriminating Evidence

Davis asserts that his trial counsel was ineffective in offering his ID into evidence as an exhibit and by eliciting testimony showing that the ID was found next to the cocaine on top of the TV, both done during cross-examination of an officer who participated in the search warrant execution. Two other officers testified on direct examination by the State that they observed Davis' ID next to the cocaine on top of the TV. In addition, one of these other officers testified that the ID appeared to have cocaine residue on it. Thus, the testimony elicited by Davis' attorney was merely cumulative. The introduction of the actual ID by Davis' attorney is perhaps unusual, but it cannot be said that such evidence prejudiced Davis since the other officers testified to finding Davis' ID next to the cocaine. This argument is without merit.

We conclude that Davis has failed to establish that he was denied the assistance of effective counsel.

### 2. DENIAL OF DUE PROCESS CLAIM

Davis claims he was denied his due process right to a fair trial when the district court interposed its own objections to certain testimony. Because there was no objection to the district court's conduct, and no claim of ineffective assistance of counsel in this regard, this alleged error has not been preserved for appeal. *In re Estate of Odenreider*, 286 Neb. 480, 837 N.W.2d 756 (2013) (failure to make timely objection waives the right to assert prejudicial error on appeal).

Although there was no objection to the trial court's comments or rulings made during trial to which Davis now takes issue, we have reviewed the record to determine whether plain error exists. Plain error may be found on appeal, when an error, unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013). Our review of the record reveals no such plain error. Rather, the comments or rulings by the trial court were either in response to objections made by the State or were made to control the conduct of trial. *Connelly v. City of Omaha*, 278 Neb. 311, 769 N.W.2d 394 (2009) (a trial judge has broad discretion over the conduct of a trial, and, absent abuse, that discretion should be respected).

Even if the conduct of the trial court was improper, any such error was harmless. In a jury trial of a criminal case, harmless error exists when there is some incorrect conduct by the trial court which, on review of the entire record, did not materially influence the jury in reaching a verdict adverse to a substantial right of the defendant. *State v. Pangborn*, 286 Neb. 363, 836 N.W.2d 790 (2013). Harmless error review looks to the basis on which the trier of fact actually rested its verdict; the inquiry is not whether in a trial that occurred without the error a guilty verdict would surely have been rendered, but, rather, whether the actual guilty verdict rendered in the questioned trial was surely unattributable to the error. *State v. Juranek*, 287 Neb. 846, 844 N.W.2d 791 (2014). Here, the finding that Davis was guilty of possession of cocaine was surely unattributable to the relatively innocuous comments and rulings by the trial court.

This assignment of error is without merit.

## VII. CONCLUSION

Davis has failed to establish that he received ineffective assistance of trial counsel or that his right to a fair trial was denied by actions of the district court. We affirm his conviction and sentence.

AFFIRMED.